PATTERSON, Judge.
Following a consolidated jury trial, appellants, Mary Sue Townley and Jack Town-ley, were convicted of trafficking in cannabis, as proscribed by § 20-2-80, Code of Alabama 1975. The court imposed a sentence of ten years in the state penitentiary and a fine of $25,000, on each appellant.
During the State’s case in chief, the trial court overruled the defense counsel’s objection to the admissibility of the search warrant and the affidavit in support of that warrant. The execution of this warrant at appellant’s home resulted in the seizure of approximately fifteen pounds of cannabis. The affidavit and warrant were part of the same document and contained the following statement:
“Before me Patricia M. Smith a District Court Judge personally appeared Alan Wade, a law enforcement officer who, being duly sworn, deposes and says that on this the 12th day of October 1983, he has reliable information from a reliable confidential informant, who has given reliable information in the past which has led to criminal investigations which are presently pending; that said informant has seen within the past 72 hours, and has probable cause to believe, and does believe that there is now *509 being concealed, marijuana ... upon the premises of Jack and Mary Townley ... .” (Emphasis added.)
The defense objected to the introduction of this document on the ground that it contains the hearsay statements of the confidential informant. The objection was overruled and the entire document was admitted into evidence for the jury’s consideration.
The courts of Alabama have consistently held that the admission of hearsay information contained in an affidavit in support of a search warrant constitutes reversible error. Satterwhite v. State, 364 So.2d 359 (Ala.1978); Bowen v. State, 406 So.2d 1077 (Ala.Cr.App.1981); Tierce v. State, 396 So.2d 1090 (Ala.Cr.App.1981); Small v. State, 348 So.2d 504 (Ala.Cr.App.), aff’d, 348 So.2d 507 (Ala.1977). See also, Neugent v. State, 340 So.2d 55 (Ala.Cr.App.), cert. denied, 340 So.2d 60 (Ala.1976). In Satterwhite, 364 So.2d at 360, the court stated:
“Hearsay information may serve as a basis for an affidavit ... and may be used to determine probable cause for issuance of the search warrant .... However, it may not be used as primary evidence to establish guilt during the trial.
[[Image here]]
“Applying these principles to the present appeal, it is clear that, although the hearsay allegation of the informant contained in the affidavit in support of the search warrant could have been considered by the trial court in determining probable cause for the search of Brook-shire’s residence, such information had no place in the trial itself. This document was illegal evidence placed before the jury whose duty it was to decide the ultimate issue of Satterwhite’s guilt or innocence, not to determine probable cause for the search [citations omitted].”
The attorney general argues that no prejudicial error occurred because the hearsay information was not placed before the jury by way of oral testimony. We find this argument to be without merit. The hearsay information contained in the affidavit was admitted into evidence and before the jury for its consideration. The trial court committed reversible error in admitting the hearsay affidavit into evidence at appellant’s trial.
Based on the foregoing, this case is due to be, and it is hereby, reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.