Appellants, George Benoist and Robin Roberts, pleaded guilty to the charge of trafficking in cannabis, a violation of §20-2-80, Code of Alabama 1975. Each was sentenced to three years' imprisonment.
A plea of guilty normally waives all non-jurisdictional defects, including rulings on motions for suppression of evidence. However, such an issue may be specially preserved for appellate review, as was done here. See, German v. State,492 So.2d 622, 624 (Ala.Cr.App. 1985).
 I
Appellants contend that the trial court erred in refusing to suppress the evidence or in the alternative curtailing the cross-examination of the affiant officers as to the reliability of an unnamed confidential informant.
The state's evidence tended to show that Corporal P.A. Reynolds and E.E. Howton of the Narcotics Division of the Montgomery Police Department obtained a search warrant to be executed at the home of George Benoist. The following information was contained in the affidavit:
 "That a confidential and reliable source, hereinafter known as 'A,' observed a quantity of a brown leafy substance believed to be marijuana at 1917 Cherry Street within the past seventy-two (72) hours. *Page 1111 
 "Further probable cause being that 'A' has given the affiants information in the past which has been proven true through investigative means.
 "Further probable cause being that on an occasion in the month of May, 'A,' acting as an agent for your affiants, and under supervision and control of your affiants, purchased a quantity of marijuana from 1917 Cherry Street, Montgomery, Alabama, from George Benvoist [sic]."
In the present case, the issue focuses on the probable cause needed to obtain a search warrant. According to § 15-5-3, Code of Alabama 1975:
 "A search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched."
"Probable cause deals with probabilities, not legal technicalities. It is grounded upon those practical, factual considerations of everyday life upon which reasonable and prudent men act." Carter v. State, 405 So.2d 957 (Ala.Cr.App. 1981), writ denied, 405 So.2d 962 (Ala. 1981).
The "totality-of-the-circumstances" test articulated inIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983) is the standard used to analyze the sufficiency of probable cause.
 " '[A]n informant's "veracity," "reliability," and "basis of knowledge" are all highly relevant in determining the value of his report' and are 'relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.' "
Bishop v. State, 518 So.2d 829, 831 (Ala.Cr.App. 1987), quoting from Gates, 462 U.S. at 230, 233, 103 S.Ct. at 2328, 2329.
Cases "applying the totality-of-the-circumstances analysis outlined above have consistently recognized the value of corroboration of details of an informant's tip by indipendent police work." Gates, 462 U.S. at 241, 103 S.Ct. at 2334.
This court in Bishop, supra, upheld the validity of the search warrant, stating that "the informant's tip was corroborated by an independent police investigation." Id. at 831.
Recently in the case of Williams v. State, 530 So.2d 881
(Ala.Cr.App. 1988), this court affirmed the decision of the trial court and said, "the police corroboration is a coordinate and intrinsic part of the informant's operation, which lessens the likelihood that the information is false."530 So.2d at 883.
In Williams, the corroboration was controlled buys made by the informant. In this case, we have a situation much likeWilliams.
The evidence in this case tended to show that the information's previous tips had resulted in two prior convictions. Officer Howton testified that the judge who signed the search warrant was told that the informant's tips in the past had led to "cases." The judge issuing the warrant was also told that the independent investigation by the police consisted of a controlled purchase of narcotics at these premises, in which the informant was the buyer. The judge signing the warrant had before him sufficient probable cause.
 "Where a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a supertechnical rather than a commonsense manner, and should resolve doubtful or marginal cases according to the preference to be accorded to warrants."
Maddox v. State, 502 So.2d 779, 785 (Ala.Cr.App. 1985), aff'd in part; 502 So.2d 786 (Ala. 1986).
Appellants argue in the alternative that the trial court erred by curtailing the cross-examination of the affiant officers as to the reliability of the informant. As stated inEx parte Pugh, 493 So.2d 393, 397 (Ala. 1986): "In Alabama, the question of disclosure or nondisclosure of a confidential police informant's identity, for the purposes of challenging probable cause, is a matter of discretion for the trial court." *Page 1112 
Therefore, the trial court's denial of the motion to suppress was proper in this case.
 II
Appellants also contend that the trial court erred in not suppressing the evidence based on a violation of the knock-and-announce requirement under § 15-5-9, Code of Alabama 1975. That section reads:
"To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance."
According to § 15-5-9, an officer has the authority to break and enter a residence if he has given sufficient notice of his presence.
In the instant case, there was an affirmative refusal to let the officers inside the residence. Officer Howton testified that he saw one of the occupants in the house get up from the sofa and go to the door and try to prevent their entry. It was at this point that one of the officers kicked in the door.
"In evaluating an officer's compliance with a "knock-and-announce" statute, the courts look only to the facts and circumstances with which the officer is faced at the time he makes his decision and acts upon it." Laffitte v.State, 370 So.2d 1108, 1110 (Ala.Cr.App. 1979), writ denied,370 So.2d 1111 (Ala. 1978).
It is evident in this case that the officers were being refused entry to the premises. The officers complied with the statute. The trial court did not err when it denied the motion to suppress on this issue.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.