PATTERSON, Judge.
On May 24,1989, appellant was tried and found guilty of unlawful possession of a controlled substance, in violation of *691 § 13A-12-212, Code of Alabama 1975. On August 9, 1989, he was sentenced as a habitual offender to serve 15 years in prison. He was further ordered to pay $25 to the Crime Victims’ Compensation Fund and to pay court costs. Because of our disposition of this case, no recitation of the facts is necessary.
Appellant contends that the trial court erred by allowing a police officer to testify before the jury as to hearsay allegations about appellant made by an informant. We agree that this was error, and we reverse and remand for a new trial.
During the state’s case-in-chief, the trial court overruled appellant’s objection to the police officer’s testimony that revealed the details given him by an informant. In this regard, the record reflects the following:
“Q. [Prosecutor]: How did you have an occasion to become involved in this case?
“A. On the 24th of December at approximately 1800 hours I had received information from a reliable source that on the person of Marvin Nation—
“MR. BROGDEN [Defense counsel]: Now Judge I’m gonna object to any information he received from an informant; that’s hearsay. The only time that is used is for probable cause.
“THE COURT: I overrule your objection.
“A. I received information from a reliable source that on the person of Marvin Nation in Level Plains was some crack cocaine. I also received a description of the car and the tag number of the car that Mr. Nation would be occupying. I was also told that the crack cocaine—
“MR. BROGDEN: If I can — I don’t mean to interrupt but for purposes of the record I would just like to make it clear that I’m objecting to this line of questioning because what he’s saying an informant told him, the only time that’s supposed to be used is to establish probable cause for a stop and what he’s testifying in front of the jury is hearsay and I can’t cross-examine hearsay. I just wanted to do that for the purposes of the record. I’m sorry I interrupted.
“THE COURT: That’s fine.
“Q. Okay. You received information from your informant and what was your information?
“A. That Marvin Nation had in his possession crack cocaine.
“Q. Did you take any action?
“A. I notified a uniformed patrolman of the information that I had received.”
It is well settled in Alabama that the information given by a confidential informant may be presented in a suppression hearing to determine probable cause, but may not be stated before the jury to establish guilt. Townley v. State, 501 So.2d 508, 509 (Ala.Cr.App.1986) (quoting Satterwhite v. State, 364 So.2d 359, 360 (Ala.1978)). The attorney general argues that the admission of this testimony was harmless error. However, we do not agree, since appellant presented conflicting evidence that the crack cocaine found in his car was unintentionally placed there by his girlfriend. With the informant’s information, the jury could easily have ignored appellant’s defense and possibly his presumption of innocence. See Satterwhite v. State. A new trial is required.
Appellant raises one other issue, but it need not be considered because of our ruling on the first issue.
Based on the foregoing, this case is due to be, and it is hereby, reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.