TAYLOR, Judge.
The appellant, Dean R. Peters, was convicted of distributing dilaudid, a controlled substance, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced as a habitual offender to life in prison.
I
The appellant initially contends that the trial court committed reversible error in denying his motion to suppress items seized as a result of a search of the appellant’s house. Specifically, he maintains that the affidavit was not sufficient to support the search warrant.
The affidavit accompanying the warrant states:
“Within 72 hours prior to the issuance of this warrant an informant did under controlled conditions purchase two dilaudids from Dean Peters at the above described location. Said informant was strip searched, equipped with a body mike [transmitter], remained under constant observation of investigating officers, and was transported by an officer to the area where the purchase was to be made and was under constant observation from the time he departed from the transporting officer to the above described location where he made the purchase of two dilaudids and back to the transporting officer whose company he was in until the dilaudids [were] turned over to [the] case evidence custodian at the Russell County Sheriffs Office, where he was strip searched again. Said informant used buy money of which the serial numbers had been previously recorded and the transaction was audio recorded.”
For a search warrant to be valid, it must be based on probable cause. Davis v. State, 507 So.2d 1023 (Ala.Cr.App.1986). “Probable cause is concerned with ‘probabilities,’ that ‘are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, and not legal technicians act.’ ” Carter v. State, 435 So.2d 137, 139 (Ala.Cr.App.1982), quoting Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).
As the United States Supreme Court stated in Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983):
“The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding' that probable cause existed.”
The appellant maintains that the warrant is deficient because the informant was a first-time informant and his reliability had never been tested. “All persons of common sense know there must be a first time informer before one can inform a second time_” Dannelley v. State, 397 So.2d 555, 567 (Ala.Cr.App.), writ denied, 397 So.2d 577 (Ala.1981), cert. denied, 454 U.S. 856, 102 S.Ct. 305, 70 L.Ed.2d 151 (1981).
Furthermore, this was not a situation where a warrant was issued solely on the basis of an informant’s tip. Here, the officer verified the information by conducting a controlled buy using the informant. “[T]he informer’s story was tested and found to be accurate and reliable.” Dan-nelley, 397 So.2d at 567. Sufficient probable cause existed to issue the warrant, and no error occurred upon the admission of the evidence seized as a result of the search.
II
The appellant next contends that the trial court erred in allowing the tape recording of the drug transaction to be received into evidence. Specifically, he maintains that the steps articulated in Voudrie v. State, 387 So.2d 248 (Ala.Cr.App.), cert. denied, 387 So.2d 256 (Ala.1980), rejected by Molina v. State, 533 So.2d 701 (Ala.Cr.App.1988), holding limit *481 ed by Jackson v. State, 594 So.2d 1289 (Ala.Cr.App.1991), for establishing a proper foundation for the receipt of the tape were not taken. In fact, the standard articulated in Voudrie has been abandoned “in favor of a rule holding that sound tapes, like photographs, are admissible when a witness testifies they are reliable representations of the subject sound.” Jackson, 594 So.2d at 1296. See also Ross v. State, 555 So.2d 1179 (Ala.Cr.App.1989). In this case, the rule stated in Jackson was satisfied. The receipt of the tape into evidence was in accordance with law.
For the reasons stated above the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.