The appellant, Douglas Edward Kirk, was convicted of unlawful possession of controlled substances (to wit: chlordiazepoxide hydrochloride, meperidine, hydromorphone, methylphenidate, hydrocodone, phenobarbital, and/or diazepam), a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to 15 years' imprisonment.
The appellant presents two issues on appeal.
 I
Initially, the appellant contends that the circuit court erred in denying his motion to suppress evidence seized by officers during the search of his parents' house conducted pursuant to an alleged illegally obtained search warrant. More specifically, he argues that the underlying affidavit did not supply probable cause because it was based on information received from an unreliable confidential informant and because it contained statements that were false and misleading.
The search warrant was procured by Sergeant Dale Harden of the University of Alabama Department of Public Safety based on the following affidavit, which states, in pertinent part:
 "Affiant has received information from a reliable confidential informant that said informant personally observed librium . . . in the possession of [the appellant] while inside the residence known as # 11 Lakeview, Tuscaloosa, Tuscaloosa County. Said informant stated that [the appellant] resides at # 11 Lakeview. . . .
 "Said reliable informant has provided affiant with information during the past thirty (30) days regarding the illegal sale and use of drugs. The information has been verified as being reliable and correct.
 "Further, said reliable confidential informant is familiar with librium and did personally observe a pill bottle containing librium in the possession of [the appellant] while inside . . . # 11 Lakeview . . . within the past forty-eight (48) hours prior to signing this affidavit.
 "Said reliable confidential informant also observed several other pharmaceutical bottles, unknown in name, in same area of residence as librium. Additionally, said confidential informant observed pencil marks on the bottle containing the librium.
 "A burglary was reported to Tuscaloosa Police Dept. on 5-14-91 in which various pharmaceutical bottles containing controlled substances were taken from Parkview Drug [in Tuscaloosa]. Affiant spoke with pharmacist who stated that only identifying marks on bottles other than labels were pencil marks he had placed on them."
(C. 34-35.)
At the suppression hearing, Sgt. Harden testified that the confidential informant *Page 1254 
contacted him and told him that he had been at the appellant's parents' house within the last 48 hours and had seen various bottles of pharmaceuticals in the appellant's bedroom. The informant saw more bottles on the appellant's bed, some of which had been marked with a pencil and some of which had been labeled. One of the bottles was open and contained several green pills. In a copy of Physician's Desk Reference
that Sgt. Harden provided, the informant identified the green pills as librium, which contains a schedule IV drug (chlordiazepoxide hydrochloride). The informant also stated that the appellant had various prior convictions.
Even though the informant had never previously given information about any other case or drug dealer to the police, Harden partially corroborated the details that had been reported to him. First, he ascertained that the appellant lived at the residence the informant had visited. Next, Harden verified that the appellant had previously been convicted. He also spoke with Investigator Robert Hayes regarding the burglary of a local drug store that had occurred the previous night. Hayes reported that various pharmaceuticals were stolen, including librium, and that several of the stolen bottles had pencil marks on them. Finally, Harden spoke with a pharmacist from the drug store who verified Hayes's report.
The appellant contends that the informant's reliability was not sufficiently established by the state. He also argues that several of the statements in the affidavit, especially those dealing with the informant's reliability and his familiarity with librium, are false and misleading. Finally, he contends that contradictions between the affidavit and testimony at the suppression hearing further rendered the affidavit false. He specifically points to the testimony of the pharmacist who stated that he did not speak with Harden until the day after the affidavit was sworn and that the stolen bottles of librium would probably not have had pencil marks on them.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983), the United States Supreme Court stated:
 "The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed."
462 U.S. at 238, 103 S.Ct. at 2332. See also Peters v.State, 602 So.2d 479, 480 (Ala.Cr.App. 1992). "Probable cause is concerned with 'probabilities,' that 'are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, and not legal technicians, act.' " Carter v. State,435 So.2d 137, 139 (Ala.Cr.App. 1982) (quoting Brinegar v. UnitedStates, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310,93 L.Ed. 1879 (1949)).
In Gates, the United States Supreme Court established the "totality of the circumstances" test for evaluating whether probable cause could be adduced based on information provided by a confidential informant. In analyzing the informant's tip, the courts not only look at the veracity, the reliability, and the basis of the informant's knowledge, but also recognize "the value of corroboration of details of an informant's tip by independent police work." Gates,462 U.S. at 241, 103 S.Ct. at 2334; Benoist v. State,539 So.2d 1110 (Ala.Cr.App. 1988). "[A] deficiency in one may be compensated for . . . by a strong showing as to the other. . . ." Gates, 462 U.S. at 233, 103 S.Ct. at 2329.
Further, the mere fact that an informant has never given information before does not necessarily mean that the informant is unreliable. McCray v. State, 501 So.2d 532
(Ala.Cr.App. 1986). "All persons of common sense know there must be a first time informer before one can inform a second time. . . ." Dannelley v. State, 397 So.2d 555, 567
(Ala.Cr.App.), writ denied, 397 So.2d 577 (Ala. 1981), cert. denied, *Page 1255 454 U.S. 856, 102 S.Ct. 305, 70 L.Ed.2d 151 (1981).
After reviewing the facts as recited above, we hold that the affidavit sufficiently established the informant's basis of knowledge and detailed the corroboration of the informant's tip to such a degree that the issuing magistrate could have been assured of the reliability of the information. See, e.g.,Rider v. State, 549 So.2d 526 (Ala.Cr.App. 1989);Bishop v. State, 518 So.2d 829 (Ala.Cr.App. 1987);McCray, supra. Further, "[w]hen conflicting evidence is presented on the issue of probable cause to search and the trial judge finds that probable cause did exist, great weight must be given his judgment." Lentini v. State,406 So.2d 998, 1003 (Ala.Cr.App. 1980), writ denied, 406 So.2d 1003
(1981). See also, Calhoun v. State, 460 So.2d 268
(Ala.Cr.App. 1984). Thus, we find no error in the denial of the appellant's motion to suppress the evidence seized pursuant to the search warrant.
 II
The appellant also contends that the circuit court committed reversible error when it denied his motion to dismiss the indictment, arguing that the state failed to comply with the provisions of the Alabama Uniform Mandatory Disposition of Detainers Act.
On July 10, 1991, the appellant, who was serving out a sentence in Kilby Corrections Facility in Mt. Meigs on an unrelated charge, requested a final disposition of the untried indictment that is the subject of this case, citing the Alabama Uniform Mandatory Disposition of Detainers Act as authority. There is no evidence, however, that any detainers had been filed against the appellant (C. 20). Thus, there was no error.
The judgment in this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.