BOWEN, Presiding Judge.
Danny S. Taylor, the appellant, was convicted for three drug-related offenses: the unlawful possession of cocaine, for which the trial court imposed a sentence of four years’ imprisonment and a $1,000 “demand reduction assessment” [1] fee; the unlawful possession of marijuana in the first degree, for which the trial court imposed a sentence of two years’ imprisonment and a $1,000 “demand reduction assessment” fee; and the possession of drug paraphernalia, for which the trial court imposed a sentence of 12 months’ imprisonment. The appellant was sentenced as a habitual offender and the sentences were ordered to run concurrently. He raises two issues on this appeal from those convictions.
I.
The appellant contends that his confession was coerced and unlawfully induced and, consequently, that it should not have been admitted into evidence. The appellant testified that law enforcement officers threatened him with attack by a drug dog, with habitual offender status, with being sent to prison for life, and that they promised him that if he would sign a confession and assist them the charges would be dropped. Lawrence County Sheriff’s Deputies Duncan Shelton and Legural McCord denied these allegations of inducement and coercion and testified to the effect that the appellant confessed after an intelligent, knowing, and voluntary waiver of his constitutional rights. The prosecutor succinctly summarized the evidence: “[The appellant] testified that they threatened and coerced him and the two officers have testified that they didn’t.” R. 83.
“When there is conflicting evidence of the circumstances surrounding an incriminating statement or a confession, it is the duty of the trial judge to determine its admissibility, and if the trial judge decides it is admissible his decision will not be disturbed on appeal ‘unless found to be manifestly contrary to the great weight of the evidence.’ Williams v. State, 456 So.2d 852, 855 (Ala.Cr.App.1984).”
Ex parte Matthews, 601 So.2d 52, 53 (Ala.), cert. denied, — U.S.-, 112 S.Ct. 2996, 120 L.Ed.2d 872 (1992).
“In determining whether a confession is voluntary, the trial court’s finding of voluntariness need only be supported by a preponderance of the evidence. Seawright v. State, 479 So.2d 1362, 1367 (Ala.Crim.App.1985).The trial court’s determination regarding credibility of witnesses is entitled to great weight on appeal. Calhoun v. State, 460 So.2d 268 (Ala.Crim.App.1982 [1984]).”
Dixon v. State, 588 So.2d 903, 907 (Ala. 1991), cert. denied, — U.S.-, 112 S.Ct. 904, 116 L.Ed.2d 805 (1992).
We find no error in the admission of the confession into evidence.
II.
The appellant claims that the State failed to prove a proper and complete chain of custody for the drug paraphernalia seized near and inside his truck. See generally Ex parte Holton, 590 So.2d 918 (Ala. 1991) (“[t]his opinion sets forth an analysis to be followed in deciding whether a proper chain of custody has been shown”). This issue is presented for the first time on appeal. “In all but capital cases, alleged error in a criminal proceeding must be properly preserved before an appellate court will examine it; therefore, it is incumbent upon defense counsel to adequate *1310 ly preserve alleged errors in a proceeding by making an appropriate and timely objection.” Ross v. State, 581 So.2d 495, 496 (Ala.1991).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. See Ala.Code 1975, § 13A-12-280 et. seq.