The appellant, Joe R. Usery, pleaded guilty to possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975. He was sentenced to two years in the penitentiary. The appellant specifically reserved his right to appeal the trial court's ruling on his motion to suppress.
The appellant contends that the trial court erred by denying his motion to suppress evidence of the marijuana seized at his residence pursuant to a search warrant. More specifically, he argues that the affidavit underlying the search warrant did not supply probable cause because, he says, it was based on information from an unreliable confidential informant. Also, he contends that the search warrant did not comply with the requirements of the Alabama Rules of Criminal Procedure.
The search warrant was obtained by Agent Ken Brown of the Walker County Commission narcotics enforcement team based on the following affidavit, which states, in pertinent part:
 "Before me, James C. Brotherton, Judge of the Circuit Court of Walker County, Alabama, personally appeared Ken Brown, Agent, Walker County Commission Narcotics Enforcement Team, who being duly sworn, deposes and says that he has probable cause to believe and does believe that: "There is Marijuana and other controlled substances on or about the residence of Joe Usery. The residence is described as an older white in color single-wide mobile home. The residence is located as follows: Beginning at the intersection of 3rd Street NE and 36th Ave in Jasper, Al. Travel North on 36th Ave (Also known as Blackwell Dairy Road) for a distance of approximately 0.3 of a mile until reaching an unknown paved road on the right and directly across from the Country Manor Nursing Home. Turn right onto this unnamed paved road and travel for a distance of approximately 0.2 mile to the first mobile home on the right side of the road, which is white in color. This is the residence of Joe Usery.
 "The facts and circumstances upon which such probable cause and belief are based as follows: During the past twenty-four hours, your affiant received information from a reliable confidential informant who has given reliable information in the past that has led to at least two or more drug convictions.
 "The C.I. informed your affiant that he was inside the residence of Joe Usery within the past twenty-four hours and while inside the residence he saw several compressed packs of Marijuana. The C.I. is familiar with the appearance and use of Marijuana.
 "Said affiant has verified that Joe Usery does live at the above location."
Initially, we note that " 'where a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical rather than common sense manner, and should resolve doubtful or marginal cases according to the preference to be accorded to warrants.' " Moore v. State, 650 So.2d 958, 965 (Ala.Cr.App. 1994), cert. denied, 650 So.2d 96694214 (Ala. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995), quoting Poole v.State, 596 So.2d 632, 641 (Ala.Cr.App. 1992).
The appellant contends that the fact that the confidential informant assisted in two drug convictions is not a sufficient "track record" to establish the informant's reliability.
 "In [Illinois v.] Gates, [462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)], the United States Supreme Court established the 'totality of the circumstances' test for evaluating whether probable cause could be adduced based on information provided by a confidential informant. In analyzing the informant's tip, the courts not only look at the veracity, the reliability, and the basis of the informant's knowledge, but also recognize 'the value of corroboration of details of an informant's tip by independent police work.' Gates, 462 U.S. at 241, 103 S.Ct. at 2334; Benoist v. State, 539 So.2d 1110 (Ala.Cr.App. 1988). '[A] deficiency in one may be compensated for . . . by a strong showing as to the other. . . .' Gates, 462 U.S. at 233, 103 S.Ct. at 2329." *Page 921 
Kirk v. State, 612 So.2d 1252, 1254 (Ala.Cr.App. 1993), writ quashed, 612 So.2d 1255 (Ala. 1993).
The fact that a confidential informant has not supplied information numerous times does not mean that the informant is not reliable. Kirk, 612 So.2d at 1254. Common sense dictates that a confidential informant "must be a first time informer before [the informant] can inform a second time." 612 So.2d at 1254. Here, Agent Brown had verified the informant's reliability with other law enforcement officers. Also, he independently verified that the appellant lived at the residence described by the informant. These facts, taken with the fact that the informant had seen marijuana at the appellant's residence within 24 hours of the issuance of the warrant, were sufficient to establish probable cause for the issuance of a search warrant. Hutchins v. State,560 So.2d 1113, 1115-16 (Ala.Cr.App. 1989).
The appellant next contends that the search warrant was defective on its face because it did not comply with the requirements of Rule 3.10, Ala.R.Crim.P. Rule 3.10 states, in pertinent part:
 "The search warrant shall be directed to and served by a law enforcement officer, as defined by Rule 1.4(p). It shall command such officer to search, within a specified period of time not to exceed ten (10) days, the person or place named for the property specified and to bring an inventory of said property before the court issuing the warrant. The warrant shall designate the judge or magistrate to whom an inventory of the property specified shall be returned. The judge or magistrate shall endorse the warrant, showing the hour, date, and the name of the law enforcement officer to whom the warrant was delivered for execution, and copy of such warrant and the endorsement thereon shall be admissible in evidence in the courts."
The appellant argues that the warrant did not comply with Rule 3.10 because it was not directed to a law enforcement officer as defined by Rule 1.4(p), Ala.R.Crim.P. Rule 1.4(p) states:
 "(p) 'Law Enforcement Officer' means an officer, employee or agent of the State of Alabama or any political subdivision thereof who is required by law to:
"(i) Maintain public order;
 "(ii) Make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses' and
 "(iii) Investigate the commission or suspected commission of offenses."
There is no dispute that Agent Brown's duties were "to make arrests for offenses" and "to investigate the commission . . . of offenses," specifically violations of Alabama's drug laws in Walker County. This case would not be before this court if Brown was not authorized to perform the duties described in Rule 1.4(p).
The appellant also contends that the search warrant was defective because it did not designate the law enforcement officer who was to execute the warrant. The warrant was headed, "TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA." This caption tracks the language of Form 15, Ala.R.Crim.P., the form designated for search warrants by the Alabama Supreme Court in the Alabama Rules of Criminal Procedure. This form tracks the language of Rule 3.6, Ala.R.Crim.P., which states:
 "A search warrant is a written order, in the name of the state or municipality, signed by a judge or magistrate authorized by law to issue search warrants, directed to any law enforcement officer as defined in Rule 1.4(p), commanding him to search for personal property and, if found, to bring it before the issuing judge or magistrate."
(Emphasis added.)
Moreover, because Agent Brown applied for the warrant, we can infer from the record that he was the officer designated to execute it.
Finally, the appellant contends that the warrant was defective because it did not specify that the warrant was to be executed within 10 days from the date it was issued. Rather, the warrant ordered an "immediate search of the premises of the said residence." "Immediate" is defined in The Random *Page 922 House Dictionary of the English Language (2nd ed. 1987) as "occurring or accomplished without delay; instant." The use of the word "immediate" can be reasonably interpreted to mean within 10 days, where the search warrant is for illegal drugs that can be easily moved or destroyed. Common sense dictates that law enforcement officers would not wait weeks or months to seize such contraband. In fact, Rule 3.10, Ala.R.Crim.P., states that a warrant is not valid after 10 days. We will not invalidate a search warrant by interpreting it in a "hypertechnical rather than a common sense manner." Moore v.State, 650 So.2d 958, 965 (Ala.Cr.App. 1994).
For the foregoing reasons, the judgment in this case is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.