BASCHAB, Judge.
The appellant, Charles Wayne Getz, was convicted for trafficking in amphetamines, a violation of § 13A-12-231(10), Code of Alabama 1975; possession of methamphetamine, a violation of § 13A-12-212, Code of Alabama 1975; and possession of precursor chemicals, a violation of § 20-2-190, Code of Alabama 1975, as charged in the indictment. The trial court sentenced the appellant to three concurrent 15-year terms of imprisonment and ordered him to pay a $50,000 fine. He raises six issues on appeal; this court will address two of those issues.
On June 22, 1996, a confidential informant approached Ronnie Dollar, an investigator with the Bullock County District Attorney’s Office, and provided information about illegal drug activities being conducted by the appellant. The informant told Investigator Dollar that he had personally seen methamphetamine at the appellant’s residence and had seen “methamphetamine cooking paraphernalia” on the premises as well.
In support of this information, the informant provided Investigator Dollar with three photographs evidencing the appellant’s illegal drug activity. The photographs showed a pickup truck belonging to the appellant with jugs and trash in the back of the truck. Investigator Dollar testified some of the jugs “had pipes that ran out [of] the top that appeared to ... be some type of cooking device.” The informant said that one jug in particular contained a liquid that was a mixture containing amphetamines. In addition, a residue film was visible at the bottom of those jugs in the photographs that did not contain the liquid. Investigator Dollar testified that he never received any information from the informant in the past, and that he did not have any other indication that the informant was reliable.
In order to verify the information, Investigator Dollar rode with the informant to the location of the pickup truck and the appellant’s residence. The informant was able to lead Investigator Dollar to the exact location of the appellant’s property and residence. Investigator Dollar testified that upon their arrival, he could see a pickup truck while standing on the edge of the road bordering the appellant’s property. He further testified that the truck he observed from the road had jugs in the back of the truck bed and looked very similar to the truck depicted in the pictures provided by the informant.
On June, 22, 1996, Investigator Dollar applied for a search warrant to search the appellant’s house, property, and the vehicle located on the property based upon the informant’s information, the pictures, and Investí- *1321 gator Dollar’s personal observations. The affidavit stated that “[w]ithin the past 48 hours methamphetamines were observed at the residence of [the appellant] in Bullock County.” In addition, the affidavit stated that “[wjithin the past 24 hours methamphetamine cooking paraphernalia was observed on the [appellant’s] premises.” While the search affidavit did not state who had made these observations, Investigator Dollar testified at the initial suppression hearing that these two statements were made on the basis of the informant’s allegations. Finally, the affidavit contained a specific description of the location of the appellant’s residence and property. While drafting the affidavit, • Investigator Dollar showed the issuing judge the informant’s pictures.
The search warrant was executed by Investigator Dollar and other police officers on that same day. The officers discovered quantities of both amphetamines and meth-amphetamines, as well as jugs used to manufacture drugs matching the description given by the informant. The appellant was not present on the property when the search was conducted. In addition, at trial the appellant maintained the defense that he had not lived on the premises for some time.
At the suppression hearing, the appellant moved to suppress all of the evidence seized pursuant to' the execution of the search warrant. The trial court denied the motion. The appellant renewed the motion the following day at a pretrial hearing, claiming that “new evidence” required the trial court to reconsider its prior ruling. After hearing this “new evidence,” the trial court denied this motion as well.
At trial, the State offered into evidence the entire contents of both the search warrant and Investigator Dollar’s affidavit in support of the warrant. The trial court admitted both documents into evidence over the appellant’s hearsay objection.
I.
The appellant first argues that the trial court erred by denying his motions to suppress the evidence seized during the execution of the. search warrant. Specifically, the appellant argues that Investigator Dollar’s affidavit did not provide sufficient probable cause necessary for the issuance of the search warrant. This argument is without merit.
This court has previously held:
“ ‘In [Illinois v.] Gates [462 U.S. 213, 103 S.Ct. 2817, 76 L.Ed.2d 627 (1983)], the United States Supreme Court established the “totality of the circumstances” test for evaluating whether probable cause could be adduced based on information provided by a confidential informant. In analyzing the informant’s tip, the courts not only look at the veracity, the reliability, and the basis of the informant’s knowledge, but also recognize “the value of corroboration of details of an informant’s tip by independent police work.” Gates, 462 U.S. at 241, 103 S.Ct. at 2334; Benoist v. State, 539 So.2d 1110 (Ala.Cr.App.1988). “[A] deficiency in one may be compensated for ... by a strong showing as to the other....” Gates, 462 U.S. at 233, 103 S.Ct. at 2329.’ ”
Usery v. State, 668 So.2d 919, 920, (Ala.Cr.App.1995), quoting Kirk v. State, 612 So.2d 1252, 1254 (Ala.Cr.App.), writ quashed, 612 So.2d 1255 (Ala.1993). In addition, “[t]he fact that a confidential informant, has not supplied information numerous times does not mean that the informant is not reliable.” Usery, 668 So.2d at 921, citing Kirk, 612 So.2d at 1254. “Common sense dictates that a confidential informant ‘must be a first time informer before [the informant] can inform a second time.’ ” Id., citing Kirk, 612 So.2d at 1254.
After applying the “totality of the circumstances” test set out in Gates, we find that probable cause existed to justify the issuance of the search warrant. Although there was no previous indication as to the informant’s veracity or reliability, these two attributes were nonetheless established through independent police corroboration. See Usery, 668 So.2d at 920. Investigator Dollar independently verified that the appellant lived at the address indicated by the informant. In addition, Investigator Dollar personally observed the same pickup truck at the appellant’s residence as depicted in the photographs provided by the informant. *1322 This verification, coupled with the fact the informant had seen drugs and drug paraphernalia at the appellant’s residence within at least 48 hours of the issuance of the warrant, established probable cause necessary for the issuance of the search warrant. Id., citing Hutchins v. State, 560 So.2d 1113, 1115-16 (Ala.Cr.App.1989).
The appellant alleges in his brief that Investigator Dollar made factual “misrepresentations” in his affidavit in support of the application for the search warrant. While under oath at the pretrial hearing, the appellant’s trial counsel, on the basis of his own independent investigation, alleged that Investigator Dollar trespassed on the appellant’s property without first obtaining a search warrant and took the photographs of the truck himself. The appellant suggests in his brief to this court that a confidential informant never existed in this case and that Investigator Dollar committed perjury when he testified at the suppression hearing and when he applied for the search warrant.
“A search warrant may be invalidated if the affidavit contains a material and false statement made knowingly and intentionally or in reckless disregard for the truth. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); Annot., 24 A.L.R.4th 1266 (1983). The defendant bears the burden of establishing the perjury or reckless disregard for the truth by a preponderance of the evidence.”
Calhoun v. State, 460 So.2d 268, 269 (Ala.Cr.App.1984).
Despite the appellant’s allegations, we find that the search warrant itself and its execution was valid. The 'appellant’s argument at trial presented a conflict in the evidence as to whether a confidential informant was actually used or whether the information relied upon in applying for the search warrant was unlawfully obtained. Resolution of this factual dispute required the trial court to assess the credibility of the testimony from both the suppression hearing and the pretrial hearing.
This court and the Aabama Supreme Court have long held that a trial court’s determination regarding credibility of witnesses is entitled to great weight on appeal.
“ ‘When there is conflicting testimony as to a factual matter ..., the question of the credibility of the witnesses is within the sound discretion of the trier of fact. His factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence.’ ”
Calhoun v. State, 460 So.2d 268 (Ala.Cr.App.1984) (citation omitted). See also Dixon v. State, 588 So.2d 903 (Ala.1991); Taylor v. State, 615 So.2d 1308 (Ala.Cr.App.1993). A review of the record convinces this court that the trial court’s findings of fact were not clearly contrary to the witness’s testimony. Thus, the appellant has failed to meet his burden of proving that Investigator Dollar obtained the search warrant through perjury or any other unlawful means.
Therefore, we hold that the trial court properly denied the appellant’s motions to suppress the evidence seized during the execution of the search warrant.
II.
Next, the appellant argues that the trial court committed reversible error in admitting the search warrant and search affidavit into evidence because the documents contained inadmissible hearsay. We agree.
During the direct examination of Investigator Dollar, the State elicited testimony regarding the hearsay allegations made by the confidential informant. The trial court allowed the testimony over the appellant’s multiple objections as to hearsay. The State then offered into evidence two of the three photographs the informant had provided in support of his allegations. The trial court allowed the photographs into evidence over the appellant’s objection as to improper foundation.[1]
Finally, the State offered the entire contents of both the search warrant and Investigator Dollar’s affidavit into evidence. The *1323 appellant objected to the admission of these documents on the grounds of that they contained “hearsay information” provided by the informant. The trial court admitted both documents -into evidence over the appellant’s hearsay objection. :
This court and the Alabama Supreme Court have consistently held that the admis-. sion of a confidential informant’s hearsay allegations contained in an affidavit in support of á search warrant constitutes reversible error. Satterwhite v. State, 364 So.2d 359 (Ala.1978); Small v. State, 348 So.2d 504 (Ala.Cr.App.), affirmed, 348 So.2d 507 (Ala.1977); Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975), overruled on other grounds, 689 So.2d 221 (Ala.Cr.App.1996); Sosa v. State, 591 So.2d 897 (Ala.Cr.App.1991); Nation v. State, 579 So.2d 690 (Ala.Cr.App.1990); Townley v. State, 501 So.2d 508 (Ala.Cr.App.1986). “Although the hearsay allegations of a reliable informant may be considered in [hearing] a motion to suppress, conducted outside the jury’s presence, in determining ‘probable cause’ for an arrest or search, they have no place in the trial itself.” Small, 348 So.2d at 507. The Alabama Supreme Court has even gone so far as to characterize such evidence as “patently inadmissible” that “cannot be made [into] legal [evidence] by introducing other evidence or by otherwise framing the inquiry.” Satterwhite, 364 So.2d at 360 (citations omitted). Based on these legal principles, there is no question that the trial, court erred in allowing the search warrant and the affidavit into evidence. The issue then becomes whether this error was prejudicial so as to justify a reversal and a new trial.
In Ex parte McCrary, 500 So.2d 1201 (Ala.1986), the Supreme Court of Alabama held that the improper admission of a search warrant would have the likely effect of influencing the jury in its determination of whether the defendant was guilty of possessing illegal narcotics. The McCrary court stated:
“The improper admission of the search warrant put before the jury the fact that prior to the search a district judge was convinced that there was probable cause to believe that the Defendant-had marijuana at his residence. This evidence was likely to influence the jury in its determination of the Defendant’s guilt or innocence, and this Court cannot know for certain that it did not.” '
McCrary, 500 So.2d at 1203.
The primary issue in all three cases against the appellant was whether he was in constructive possession of the drugs or drug paraphernalia. The admission of the search warrant and the affidavit had the same potential effect on the jury as it did in McCrary: the jury was presented with evidence that a judge had already determined that probable cause existed to believe that the appellant was in constructive possession of the drugs or drug paraphernalia as charged in the indictment. This evidence had the likely effect of improperly influencing the jury in reviewing the evidence itself and in reaching a conclusion on its own as to the appellant’s guilt or innocence. This court shares the same concerns as the Supreme Court did in McCrary by stating-that we are in no position to affirmatively declare that the jury was not unduly influenced in this case.
Based on our analysis set forth in this opinion, we decline to address the remaining issues raised by the appellant. The judgment of the trial court is reversed, and the cause remanded to that court with instructions to set aside the conviction and sentence and order a new trial. .
REVERSED AND REMANDED.
All judges concur.

. The remaining photograph taken by the informant was admitted during the State’s direct examination of Ms. Jesse Cook, the State's first witness who testified prior to Investigator Dollar. The appellant’s trial counsel objected to the admission of this photograph as well.