BASCHAB, Judge
(dissenting).
I must respectfully dissent from the majority’s holding that the appellant’s war-rantless arrest was not supported by probable cause. Based upon my review of the facts in this case and the applicable law, I believe that the police officers had probable cause to arrest the appellant based upon the information provided by the confidential informant.
Officer Horn, one of the arresting officers, testified that he personally knew the informant because the informant had provided information to him on prior occasions. Although this information did not lead to any arrests or convictions, this interaction between Officer Horn and the informant allowed Officer Horn to assess the informant’s credibility. In addition, we have always maintained that an informant’s tip must not be dismissed as incredible simply because it is his first time to inform. “The fact that a confidential informant has not supplied information numerous times does not mean that the informant is not reliable.” Usery v. State, 668 So.2d 919, 921 (Ala.Cr.App.1995), citing Kirk v. State, 612 So.2d 1252, 1254 (Ala.Cr.App.1992). “Common sense dictates that a confidential informant ‘must be a first time informer before [the informant] can inform a second time.’ ” Usery, 668 So.2d at 921, quoting Kirk, 612 So.2d at 1254. See also Getz v. State, 706 So.2d 1319 (Ala.Cr.App.1997). Furthermore, the veracity and reliability of the informant are not the only factors to consider when evaluating information provided by a confidential informant. “ ‘In analyzing the informant’s tip, the courts not only look at *1126 the veracity, the reliability, and the basis of the informant’s knowledge, but also recognize “the value of corroboration of details of an informant’s tip by independent police work.” Illinois v. Gates, 462 U.S. 213, 241, 103 S.Ct. 2317, 2334, 76 L.Ed.2d 527 (1983); Benoist v. State, 539 So.2d 1110 (Ala.Cr.App.1988). “[A] deficiency in one may be compensated for ... by a strong showing as to the other....’”” Usery, 668 So.2d at 920, quoting Kirk, 612 So.2d at 1254. See also Getz, supra.
Here, Officer Horn personally verified all of the detailed information provided by the informant. The informant described with ample specificity the physical appearance of both the appellant and Mr. Sam-mons; provided the address of their residence; and provided a detailed description of their vehicles. The factual basis of the informant’s claim that the appellant had cocaine at his residence and in his personal possession was that he had recently been to the appellant’s home and had seen the cocaine. After setting up surveillance, all of the information provided by the informant proved to be correct and therefore reliable. In applying the “totality of the circumstances” test set out in Gates to this information, I believe that the police officers could find probable cause from the information provided by the informant and independently verified by Officer Horn.