BASCHAB, Judge.
The appellant, Megail Douglas, was convicted of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975. The trial court sentenced him to imprisonment for seven years. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
*486 I.
The appellant argues that the trial court erroneously denied his Batson[1] motion. After the jury had been struck, but before it was sworn, the following occurred:
“[Defense counsel]: At this time, Your Honor, the defendant moves for a hearing under Batson v. Kentucky. The defendant, Megail Douglas, is a member of a racially protected class in that he is a black male. The State, in voir dire, struck juror number 23 ... who is also a black male. And the defense asserts that strike was racially motivated and moves for a hearing pursuant to Batson v. Kentucky.
“The Court: ... I’m not satisfied that that is a prima facie showing; however, I am going to ask the State to explain the strike of this particular individual.
“[Prosecutor]: Yes, sir, Judge. On Monday, when the entire jury panel was called before Judge Austin, who qualified them initially, I was standing at the bench and [juror number 23] approached the bench and stated to Judge Austin that he had been convicted of a felony theft ... and based upon that arrest and conviction, that is the reason the State struck juror number 23.
“The Court: All right, sir. So having heard that I will deny your Batson motion. ...
“[Defense counsel]: I didn’t know that [juror number 23] had been convicted of a felony. That information was not brought out in voir dire in this case and that issue was not addressed in any shape, form, or fashion by the State in voir dire in this case. Whatever the State — however the State came about that information, I don’t think that is sufficient to show that the strike was not—
“The Court: I’m satisfied that these matters were apparently done in open court at a time when the defendant and counsel were required to be present; so, I’m going to deny the motion.”
(R. 15-16.)
“In Batson, the United States Supreme Court held that the prosecution violates equal protection when it peremptorily strikes ‘potential jurors [from the venire] solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State’s case against a black defendant.’ 476 U.S. at 89, 106 S.Ct. at 1719. After the appellant makes a timely Batson motion and establishes a prima facie showing of discrimination, the burden shifts to the state to provide a race-neutral reason for each strike of a minority venire-member. See, e.g., Ex parte Bird, 594 So.2d 676 (Ala.1991). We will reverse the circuit court’s ruling on the Batson motion only if it is ‘clearly erroneous.’ Jackson v. State, 549 So.2d 616 (Ala.Cr.App.1989).”
Cooper v. State, 611 So.2d 460, 463 (Ala.Cr.App.1992) (bracketed information original). We question whether the appellant made a prima facie showing of discrimination. However, in Harris v. State, 705 So.2d 542 (Ala.Cr.App.1997), we held:
“Where, as in this case, the trial court requires the opposing counsel to state reasons for the peremptory strikes without first requiring that a prima facie case of discrimination be established, this Court will review those reasons and the trial court’s ultimate decision on the Batson motion without determining whether the moving party met its burden of proving a prima facie case of discrimination. McLeod v. State, 581 So.2d 1144 (Ala.Cr.App.1990).”
705 So.2d at 545. See also Taylor v. State, 666 So.2d 36 (Ala.Cr.App.1994), aff'd, 666 So.2d 73 (Ala.1995), cert. denied, 516 U.S. *487 1120, 116 S.Ct. 928, 133 L.Ed.2d 856 (1996). Therefore, because the trial court required the prosecution to give its reasons for striking juror number 23, we will review that reason and the trial court’s ruling on the appellant’s Batson motion.
The appellant argues that the State’s explanation was not properly substantiated because the information the prosecutor relied on was not brought out during voir dire examination. However, he did not include in the record on appeal a transcript of the voir dire proceedings. “Therefore, the record does not show what questions were asked of the veniremembers, nor does it show their responses. This Court cannot consider matters not in the record.” Yeomans v. State, 641 So.2d 1269, 1271 (Ala.Cr.App.1993) (citations omitted). Thus, because the record on appeal is incomplete, we cannot review the appellant’s assertion that the information upon which the State relied in exercising its strike was not brought out during voir dire examination.
Moreover, the prosecutor offered a race-neutral explanation for the strike and explained how he obtained the information upon which he based the strike. Specifically, the prosecutor stated that he struck juror number 23 because the juror had admitted, during the general qualification of the jurors for the week, that he had a prior felony conviction. “We have held that strikes based on previous criminal charges, prosecutions, or convictions of the veniremember ... are not racially discriminatory as such.” Thomas v. State, 611 So.2d 416, 418 (Ala.Cr.App.), cert. denied, 611 So.2d 420 (Ala.1992) (citations omitted). At trial, the appellant did not challenge the validity of the prosecutor’s reason for the strike. Rather, he argued that the trial court could not consider the prosecutor’s reason for the strike because that information was not disclosed during the voir dire proceedings. Thus, the appellant did not satisfy his burden of proving that the prosecutor’s facially race-neutral reason for the strike was merely pretextual. Talley v. State, 687 So.2d 1261 (Ala.Cr.App.1996). Furthermore, a prosecutor may rely on information obtained from sources other than voir dire examination, which he in good faith believes to be true, in striking potential jurors. See Ex parte McNair, 653 So.2d 353 (Ala.1994), cert. denied, 513 U.S. 1159, 115 S.Ct. 1121, 130 L.Ed.2d 1084 (1995); Smith v. State, 590 So.2d 388 (Ma.Cr.App.1991). There is no indication in the record that the prosecutor did not act in good faith in relying on juror number 23’s statement about having a pri- or felony conviction. A trial court’s ruling on a Batson motion depends on its credibility determinations. Smith, supra. Therefore, we will give a trial court’s ruling great deference, and we will reverse its ruling only if it is clearly erroneous. Brown v. State, 705 So.2d 871 (Ma.Cr.App.1997). Accordingly, the trial court properly denied the appellant’s Batson motion.
II.
The appellant also argues that the trial court erroneously denied his motion to suppress evidence obtained during an allegedly illegal search. Specifically, he argues that the State did not have probable cause to support the search warrant pursuant to which the search was conducted because the State allegedly did not show the veracity and reliability of the confidential informant who provided information that was used to support the issuance of the search warrant.
“The present test for determining whether an informant’s tip establishes probable cause is the flexible totality-of-the-circumstanees test of Illinois v. Gates, [462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ]. The two prongs of the test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), involving the informant’s veracity
*488 or reliability and his basis of knowledge, ‘are better understood as relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.’ Gates, 103 S.Ct. at 2329.... Probable cause involves ‘a practical, common sense decision whether, given all the circumstances, ... including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.’ Gates, 103 S.Ct. at 2332.”
Pugh v. State, 493 So.2d 388, 392 (Ala.Cr.App.1985), aff'd, 493 So.2d 393 (Ala.1986). Where probable cause is based on information obtained through a confidential informant, the “track record” of the informant may be a factor in assessing his credibility. Money v. State, 717 So.2d 38 (Ala.Cr.App.1997). However, the informant need not be shown to have been reliable any certain number of times. Reese v. State, 456 So.2d 341 (Ala.Cr.App.1982), cert. denied, 464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983). Additionally, corroboration supplied by police officers lends support to the reliability and veracity of the informant. See Usery v. State, 668 So.2d 919 (Ala.Cr.App.1995); Moynes v. State, 568 So.2d 392, 394 (Ala.Cr.App.1990), cert. denied, 502 U.S. 944, 112 S.Ct. 385, 116 L.Ed.2d 335 (1991); Dale v. State, 466 So.2d 196, 200 (Ala.Cr.App.1985).
In this case, the confidential informant had provided information to the drug task force on five prior occasions. Although the previous information had not resulted in any arrests, “[t]he fact that a confidential informant has not supplied information numerous times does not mean that the informant is not reliable.” Usery v. State, 668 So.2d at 921 (citing Kirk v. State, 612 So.2d 1252 (Ala.Cr.App.1992), writ quashed, 612 So.2d 1255 (Ala.1993)). The informant was familiar with the appearance and packaging of crack cocaine. In fact, on the day the warrant was issued, he had observed a large quantity of crack cocaine and drug paraphernalia in the premises to be searched. Also, on the day they conducted the search, but before they obtained the search warrant, the officers verified the informant’s tip by conducting a controlled buy of three $20 rocks of crack cocaine at the premises to be searched. The officers had the three rocks of cocaine in their possession, and so informed the issuing judge, when they applied for the search warrant. Applying the Gates totality-of-the-eircumstances test, we hold that the State had probable cause to justify the issuance of the search warrant. Therefore, the trial court properly denied the appellant’s motion to suppress.
III.
Although we affirm the appellant’s conviction, we note that the trial court did not impose a fine, as mandated by § 13A-12-281, Ala.Code 1975. Section 13A-12-281 requires that the trial court impose a fine of $1,000 for first-time drug offenders and $2,000 for second-time and subsequent drug offenders. Therefore, in accordance with Pierson v. State, 677 So.2d 246 (Ala. 1995), we remand this case so the trial court may impose the appropriate fine. On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
*489 AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS FOR IMPOSITION OF FINE. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).