(No. 47348.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES THOMAS, Appellant.

*Opinion filed November 25, 1975.*

CREBS, J., took no part.
GOLDENHERSH, J., dissenting.

James Geis, Deputy Defender, and Richard Steck, Assistant Defender, Office of State Appellate Defender, of Ottawa, for appellant.

William J. Scott, Attorney General, of Springfield, and Frank X. Yackley, State's Attorney, of Ottawa (James B. Zagel, Jayne A. Carr and Anne Taylor, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

A jury in the circuit court of La Salle County found the defendant, James Thomas, guilty of possession of cannabis following denial of his motion to suppress evidence and quash a search warrant. The court imposed a fine of $500 payable within six months. On appeal to the appellate court, defendant argued that the sworn complaint for a search warrant failed to establish probable cause because it did not contain sufficient facts establishing the reliability of an anonymous informer whose information provided the basis for issuance of the warrant. The appellate court affirmed with one justice dissenting (*People v. Thomas* (1974), 24 Ill. App. 3d 932), and we granted leave to appeal.

On November 19, 1971, police searched defendant's automobile and seized a substance containing marijuana pursuant to a search warrant which had been issued earlier that day. The warrant was obtained on the basis of a sworn complaint for search warrant in which an Illinois State Police officer had stated in pertinent part:

"2. That he has probable cause to believe that marijuana is presently located in an automobile commonly operated by Jimmie D. Thomas and described as a 1966 Cadillac convertible, black over white in color, License No. TN 4450 in violation of and contrary to the law of the State of Illinois.

3. That this said belief is based upon reliable information supplied affiant by a confidential, trustworthy informant on Tuesday, November 16, 1971.

4. *That said confidential informant is trustworthy as an informer because of the following facts.*

A. *Said informant has furnished affiant with information on four prior occasions which informa-*

> tion has resulted in four purchases of marijuana or dangerous drugs and that arrests are pending on these four purchases.
>
> B. Said informant told affiant that on November 16, 1971, at or about 7:00 P.M., said informant saw marijuana in said automobile and Jimmie D. Thomas told informant that the substance was marijuana; said informant told affiant that on numerous occasions in the past he has seen Jimmie D. Thomas with marijuana in said automobile." (Emphasis added.)

In order to comply with the constitutional mandate that search warrants be issued only. for probable cause, it is necessary whenever a search warrant is sought on the basis of information supplied by an anonymous informer that the issuing judge be provided with sufficient facts and circumstances from which he can determine the reliability of the informer and the accuracy of his present information. In *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, the Supreme Court stated the criteria to be employed in testing the sufficiency of an affidavit filed in support of issuance of a search warrant as follows: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, [citation] the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, [citation], was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' [citations], or, as in this case, by an unidentified informant." 378 U.S. at 114-115, 12 L. Ed. 2d at 729, 84 S. Ct. 1514.

No question is raised as to the sufficiency of the affidavit with respect to its statement of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were. The determinative issue is whether the affidavit contained a sufficient statement of facts establishing the informer's reliability, and in this regard it is necessary to focus our attention on paragraph 4A of the affidavit in which the affiant police officer stated that his confidential informant was trustworthy because "said informant has furnished affiant with information on four prior occasions which information has resulted in four purchases of marijuana or dangerous drugs and that arrests are pending on these four purchases." A consideration of *Aguilar* and other pertinent decisions of the Supreme Court (*Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725; *United States v. Ventresca* (1965), 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741; *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584; *Whitely v. Warden of Wyoming State Penitentiary* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031; *United States v. Harris* (1971), 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075), and of this court (*People v. York* (1963), 29 Ill.2d 68; *People v. Parker* (1968), 42 Ill.2d 42; *People v. Mitchell* (1970), 45 Ill.2d 148, *cert. denied,* 400 U.S. 882, 27 L. Ed. 2d 120; *People v. McNeil* (1972), 52 Ill.2d 409) indicates that the affidavit was sufficient in this respect.

Although the facts of *Ventresca* and *Harris* are distinguishable from the case now before us, the principles there stated are valid and applicable here. In *Ventresca* the court said that "the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the court's cases are to be followed and the constitutional policies served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally

drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts towards warrants would tend to discourage police officers from submitting their evidence to a judicial officer before acting." (380 U.S. at 108, 13 L. Ed. 2d at 689, 85 S. Ct. at 746; 403 U.S. 573, 577, 29 L. Ed. 2d 723, 730, 91 S. Ct. 2079.) The court went on to state: "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. [Citation.]" 380 U.S. at 109, 13 L. Ed. 2d at 689, 85 S. Ct. 746.

It was asserted in the petition for leave to appeal in this case that the trial court and the appellate court majority action was in confict with our prior decision in *People v. Parker* (1968), 42 Ill.2d 42. We do not agree. In *Parker,* the sole allegation pertaining to the anonymous informer's reliability was the general averment that he had "previously given information to said complainant which proved to be true." We there noted that the affidavits "do not reveal the character of this prior information or whether it led to arrests or convictions. Nor do they allege that the present information had been independently corroborated by the affiant or any other officers, other than the proof that the substances handed over were

marijuana. Absent such factual allegations, or other grounds from which an issuing magistrate could reasonably credit the informer's accusation, the affidavits are defective and the warrants cannot stand." (42 Ill.2d at 44-45.) As distinguished from the affidavits in *Parker,* the affidavit here describes how the informer's previous information had proved accurate and reliable; namely, that he had supplied information on four previous occasions which led to the purchase of marijuana or other dangerous drugs and that "arrests were pending" on those four purchases. Thus, unlike *Parker,* there was a factual basis for lending credence to the anonymous informer's present accusatory information. Of course the affidavit was not as precise, complete and detailed as it might have been, but the available time and the circumstances surrounding the preparation and execution of such affidavits are seldom compatible with deliberate reflection or exhaustive statements of details. Their omission here does not, as urged by defendant, constitute a fatal defect.

In reaching these conclusions, we have considered defendant's argument that in view of this court's decision in *People v. Bak* (1970), 45 Ill.2d 140, *cert. denied,* 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117, it is particularly important that omissions of facts in complaints for search warrants should be resolved against the party moving for the warrant. While not entirely disagreeing with this contention we believe it inapplicable here for, as previously indicated, we believe the factual statements of the affidavit sufficient to afford the remedy contemplated by *Bak.*

Considering that affidavits for search warrants are to be tested and interpreted in a commonsense and realistic fashion rather than a hypertechnical one (*Ventresca*), we believe that the affidavit here can fairly be read as stating in substance that the informer had on four previous occasions provided the police with information which lead to controlled purchases of substances which were tested by

or at the direction of appropriate authorities and found to contain marijuana or other dangerous drugs. Furthermore, although the phrase "arrests are pending on these four purchases" is somewhat unclear standing alone, we think that a fair reading of that phrase in the context of the affidavit as a whole indicates that on the basis of the accurate information supplied by the informer, the police were processing the cases and arrests were imminent, even if they had not already occurred as of the date the affidavit was signed. Law enforcement officers commonly delay arrests in an effort to apprehend others in the drug-distributing chain before exposing the evidence already available. In our opinion, this affidavit was sufficient to establish the informer's reliability under the *Aguilar* test, and in view of the other specific allegations of the affidavit pertaining to the present location of the marijuana and the circumstances from which the informer concluded it was where he claimed it was, we hold that the trial court and appellate court correctly determined that there was probable cause for issuance of the search warrant. *People v. McNeil* (1972), 52 Ill.2d 409.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent and would hold that the affidavit upon which the search warrant was issued did not contain information sufficient to establish the reliability of the anonymous informer. The majority attempts to distinguish the affidavit in this case from that in *People v. Parker*, 42 Ill. 2d 42, but the alleged distinction will not withstand examination.

In *Parker*, "The verified complaints for the warrants recited that the complainant, Kenneth Metcalf, a State

narcotics inspector, 'has been informed by an informant who has previously given information to said complainant which proved to be true' that Lawrence Parker had a quantity of marijuana stored in his desk at his place of employment and at his home which the informer had personally observed. They further recited that the informer had purchased samples of this marijuana from Lawrence Parker in recent months which had been turned over to the complainant, subjected to analysis and proved to be marijuana." (42 Ill. 2d 42, 43-44.) Here the complaint recited:

> "4. That said confidential informant is trustworthy as an informer because of the following facts.
>
> A. Said informant has furnished affiant with information on four prior occasions which information has resulted in four purchases of marijuana or dangerous drugs and that arrests are pending on these four purchases.
>
> B. Said informant told affiant that on November 16, 1971, at or about 7:00 P.M., said informant saw marijuana in said automobile and Jimmie D' Thomas told informant that the substance was marijuana; said informant told affiant that on numerous occasions in the past he has seen Jimmie D. Thomas with marijuana in said automobile." Slip Opinion, p. 1.

In *Parker,* the substances turned over to the complainant by the informer were "subjected to analysis and proved to be marijuana," but here it is not indicated in what manner the complainant learned, or that he in fact knew, that the substances purchased were "marijuana or dangerous drugs." One can only speculate as to what is meant by "arrests are pending on these four purchases."

The majority, for what reason is not clear, cites *People v. McNeil,* 52 Ill. 2d 409. *McNeil,* rather than supporting the majority's position, points up an additional weakness. In *McNeil,* the court stated that "In appraising the present affidavit the issuing judge was entitled to take into account the fact that the dominant feature of the present situation

was the imperative necessity for quick action. The warrant was issued at 3:40 P.M. The affidavit stated that the armed robbery of the fur store had occurred earlier that day. The circumstances related by the informer, if true, established that he had been inside the apartment in question after the robbery had taken place, and had there seen and identified the proceeds of the robbery. As a practical matter, the informer probably identified himself completely by the information which he gave to Officer Lopez, unless it is assumed that a large number of men had visited the apartment between the time of the robbery (which occurred at 12 noon on the day the affidavit was signed—see *People v. McNeil*(1968), 99 Ill. App. 2d 273, 275), and the time of the issuance of the warrant. All of these circumstances, in our opinion, tend to indicate the trustworthiness of the affidavit." (52 Ill. 2d 409, 413-14.) Here the informant allegedly supplied the information on November 16, 1971, and the search warrant was not obtained until November 19, 1971. Clearly there was no "imperative necessity for quick action." The affidavit failed to meet the test of *Aguilar,* and no amount of "commonsense and realistic" interpretation serves to supply its deficiencies.