THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
SONN ROBINSON, Defendant-Appellee.

First District (4th Division)   Nos. 76-1689 through 76-1693 cons.

Opinion filed October 20, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and Richard J. Barr, Jr., of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The State appeals from a judgment of the circuit court of Cook County quashing a search warrant and suppressing evidence seized pursuant thereto. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) The State maintains the affidavit for the search warrant established probable cause. Defendant, Sonn Robinson, has not filed a brief as appellee. The issue presented is not complex, and in accord with *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495, we shall consider the merits of the State's position.

On November 14, 1975, a complaint for search warrant was made, supported by the affidavit of an undisclosed informant using the assumed name of Bill Burton. The search warrant was issued; and, according to the inventory filed thereafter, the warrant was executed the same day. Large

quantities of stereo components and rifle ammunition were seized. Defendant was charged in four complaints with theft by possession of stolen property (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)(1)), and one complaint charged possession of firearm ammunition without securing a State firearm's identification card (Ill. Rev. Stat. 1975, ch. 38, par. 83—2). The trial court, in quashing the warrant and suppressing the evidence, found that the affidavit for the search warrant was defective because it did not afford a basis to show the undisclosed informant knew the precise property referred to was stolen.

The affidavit for the search warrant provided:

"I, A.K.A. Bill Burton, on the 13th day of November, 1975 was in the basement apartment of a building located at 2224 Emerson St., Evanston, and in the company of one Sonn Robinson, owner of that basement apartment, and at that time did see the following items: One B.S.R. turntable, 2 Electro-voice stereo speakers, one Garard [sic] turntable and one Sansui amplifier and stereo unit. I have reason to believe that these items are stolen for the following reason: I have been in the company of Hardy King, Richard 'Fats' King both of 1327 Dodge Ave., Evanston and also Phillip Jefferson, who resides at 1817 Simpson St., Evanston, when they tooks [sic] items that had just been taken in a burglary and further that these items were taken to the basement apartment located at 2224 Emerson St., Evanston and sold for money to the owner of this apartment, one Sonn Robinson. I know that these items were taken in a burglary because I was told that they were by the individuals that I was with. Those individuals being Hardy King, Richard 'Fats' King and Phillip Jefferson. Further I at one time was with Hardy King when he committed a burglary on South Blvd. St., Evanston, and immediately after this burglary I drove Hardy King and the items stolen in this burglary to 2224 Emerson St., Evanston and the items were sold to Sonn Robinson for money. On 11 November, 1975 I had a conversation with the same Hardy King, Richard 'Fats' King and Phillip Jefferson at the intersection of Greenleaf St. and Dodge Ave., Evanston, and they related to me that they had sold items just taken in a burglary to Sonn Robinson at his basement apartment located at 2224 Emerson St., Evanston. The items mentioned in the body of this complaint for a search warrant are believed to have been taken from the location listed below on the dates listed below and burglary reports covering these locations and dates are a matter of record with the Evanston Police Dept.:

1) B.S.R. turntable and 2 Electro-voice speakers taken from 133 Clyde St., Evanston on 12 November, 1975

2) One Garard [*sic*] turntable taken in a burglary from 943 Elmwood Ave., Evanston on 12 November, 1975 .

3) One Sansui stereo amplifier taken in burglary from 1827 Wesley Ave., Evanston on 3 November, 1975."

The State argues that the affidavit for warrant should be interpreted as establishing that the affiant was told the items of property specified therein were stolen. The State concedes that the trial court's interpretation, heretofore set forth, could also be deduced. However, the State urges that a nontechnical reading of the affidavit is supportive of its position.

In *People v. Thomas* (1975), 62 Ill. 2d 375, 378-80, 342 N.E.2d 383, 385-86, the Illinois Supreme Court reiterated that an affidavit for a search warrant should be interpreted in a realistic and common-sense manner and in marginal cases there is a preference to sustain the warrant's validity.

In the present case, the reliability of the affiant and the basis for believing the items were in defendant's apartment were not questioned. The significant factor was whether the affidavit established that a crime had been committed. (*People v. George* (1971), 49 Ill. 2d 372, 377, 274 N.E.2d 26, 29.) We believe the affidavit was sufficient in this regard.

■■■ The affiant had ample knowledge from prior experience that stolen property was frequently taken to defendant's apartment for sale by those who stole it. This can be a factor in determining the validity of the affidavit and establishing probable cause. (*United States v. Townsend II* (E.D. Mich. 1975), 394 F. Supp. 736, 742.) The affiant also knew that stereo items of the same kind as those described in the warrant were quite recently stolen. (See *People v. Fiorito* (1960), 19 Ill. 2d 246, 257, 166 N.E.2d 606, 612.) Thus, even assuming the correctness of the trial court's interpretation that affiant was not told expressly that the property described in the affidavit was stolen, there was ample basis to reasonably conclude that property was stolen. Probable cause existed for issuance of the search warrant, and the trial court erred in granting defendant's motion to quash the warrant and suppress evidence.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

DIERINGER, P. J., and ROMITI, J., concur.