BOWEN, Presiding Judge.
Daniel McReynolds, the appellant, was convicted of the unlawful possession of cocaine and of possession of marijuana in the first degree. He was sentenced to 15 years’ imprisonment as a habitual felony offender. On this direct appeal from those convictions, he contends that the information provided by a confidential informant was insufficient to provide the police with the reasonable suspicion necessary to justify the stop of the appellant’s automobile. We agree.
At the suppression hearing, Selma Police Officer Roger Goodman testified that on December 19, 1991, he received information from an informant that the appellant had received a package of crack cocaine. On December 20, the informant told Goodman that the appellant “was out making deliveries.” R. 63.
Goodman testified that he had received information from this informant on “[sjeveral occasions” in the past. R. 62. Although he did not remember “exactly how often” he had received information from this informant, Goodman testified that that information had been “reliable in every case.” R. 62.
Acting upon the information received December 20, Goodman “rode the area and spotted” the appellant. R. 63. He stated that he observed the appellant sitting inside his parked automobile “talking to another subject,” R. 64, who was “[sjtanding at the window,” R. 65. When the “other subject” saw the police, he “[tjurned and walked away ... [immediately ... [a]t a fast pace.” R. 65. Goodman testified that the appellant’s automobile “backed out on to Small [Street] and started to take off,” and it “[l]ooked like it was in a hurry.” R. 65, 66.
Goodman testified that he then turned on the blue lights of his car and stopped the appellant. He requested the appellant’s driver’s license and he observed a bowie knife on the floorboard of the appellant’s car. Goodman asked the appellant to step out of the car “[t]o get him away from that bowie knife,” and “[h]ad him place his hands on the trunk of the vehicle.” R. 72, 67. Detective Jimmy Martin then grabbed the appellant’s hand and took a gun out of the appellant’s right coat pocket. “After a little tussle,” the appellant was handcuffed. R. 68. A plastic bag containing crack cocaine and a plastic bag containing marijuana were found on the appellant.
*281 The circuit court overruled the appellant’s motion to suppress without comment or explanation.
Under the facts of this case, the stop of the appellant’s automobile was justified only if the police had a reasonable suspicion that the appellant was engaged in the unlawful possession or sale of drugs. See Ex parte Barnette, 624 So.2d 507 (Ala.1993); Ex parte Carpenter, 592 So.2d 627, 629 (Ala.1991); Ex parte Betterton, 527 So.2d 747, 749 (Ala.1988); Ex parte Yeung, 489 So.2d 1106, 1109 (Ala.1986).
“To determine whether reasonable suspicion existed for a particular stop, the totality of the circumstances, as known to the officer at the inception of the stop, must be considered.” Arnold v. State, 601 So.2d 145, 149 (Ala.Cr.App.1992) (emphasis added). See also Lamar v. State, 578 So.2d 1382, 1385-86 (Ala.Cr.App.), cert. denied, 596 So.2d 659 (1991). In this case, the only facts stated by the officer as known to him at the time he stopped the appellant’s car were that an informant known by the officer to have provided correct information on “several occasions” in the past had told the officer that the defendant had received a package of cocaine on one day and that he was out making deliveries the next.
The Alabama Supreme Court recently addressed the issue of reasonable suspicion based on an informant’s tip:
“The first question that this Court must answer is whether there was a ‘reasonable suspicion,’ based on the informant’s tip, to justify stopping [the defendant’s] car.
“The United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that ‘a police officer may, in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.’ 392 U.S. at 22, 88 S.Ct. at 1880. The standard for allowing a Terry stop is whether there is a reasonable suspicion that ‘the person being stopped has engaged in some type of criminal activity.’ Webb v. State, 500 So.2d 1280, 1281 (Ala.Crim.App.), cert. denied, 500 So.2d 1282 (Ala.1986).
“In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the Supreme Court addressed the question of whether an informant’s tip created a reasonable suspicion to justify a Terry stop. In that case, an informant known to the police officer told him that an individual in a nearby automobile was carrying drugs and had a gun at his waist. The officer approached the car and asked the defendant to open his door. The defendant rolled down the window, and the officer reached inside and found a gun at the defendant’s waist. The defendant was arrested and searched pursuant to the arrest. Drugs were found on the defendant and in the car. The Supreme Court noted that the informant’s unverified tip may have been insufficient for a narcotics arrest or for a search warrant under Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), but held further that the tip from an informant known to the police officer ‘carried enough indicia of reliability to justify the officer’s forcible stop of [the defendant].’ Adams v. Williams, 407 U.S. at 147, 92 S.Ct. at 1924.
“In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court abandoned the rigid two-pronged test of Aguilar and Spinelli, in favor of a ‘totality of the circumstances’ approach in determining whether an informant’s tip creates probable cause. Under Aguilar and Spinelli, the prosecution had to prove the informant’s ‘veracity’ or ‘reliability’ and the informant’s ‘basis of knowledge.’ Under the totality-of-the-eircum-stances approach, the informant’s ‘veracity’ and ‘reliability’ and his ‘basis of knowledge’ are all relevant factors in determining whether probable cause exists. However, ‘a deficiency in one [factor] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other [factors], or by some other indicia of reliability.’ Illinois v. Gates, 462 U.S. at 233, 103 S.Ct. at 2329.
“‘The Fourth Amendment requires “some minimal level of objective justifi *282 cation” for making the [Terry] stop. INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984). That level of suspicion is considerably less than proof of -wrongdoing by a preponderance of the evidence. We have held that probable cause means “a fair probability that contraband or evidence of a crime will be found,” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), and the level of suspicion required for a Terry stop is obviously less demanding than that for probable cause. See United States v. Montoya de Hernandez, 473 U.S. 531, 541, 544, 105 S.Ct. 3304, 3312, 87 L.Ed.2d 381 (1985).’
“United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989).
“Most recently, the Supreme Court has held that an anonymous telephone tip, corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make a Terry stop. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)....
“The Supreme Court held that the ‘veracity,’ ‘reliability,’ and ‘basis of knowledge’ factors for determining whether an informant’s tip creates probable cause are also ‘relevant in the reasonable suspicion context, although allowance must be made in applying them for the lesser showing required to meet that standard.’ Alabama v. White, 496 U.S. at 328-29, 110 S.Ct. at 2415.”
Ex parte Carpenter, 592 So.2d 627, 629-30 (Ala.1991) (emphasis in original).
In this case, the information from the confidential informant did not “carr[y] enough indicia of reliability to justify the officer’s forcible stop” of the appellant. Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972). Here, the deficiency in one factor was not compensated for by a strong showing of the informant’s veracity or by some other indicia of reliability. The prosecution only minimally established the informant’s credibility. 1 W. LaFave, Search and Seizure § 3.3(a) (2d ed. 1987). There was no showing that the information was reliable and there was nothing to show how the informant obtained his information. There simply was no other indicia of reliability-
There was no corroboration by independent police investigation of the information supplied by the informant. The “tip” was extremely general and was almost impossible to corroborate unless the police actually observed the appellant selling drugs, which they did not. The informant did not provide a description of the appellant’s automobile, the place or places where he would be “making deliveries,” the time those deliveries would be made, or the people to whom those deliveries would be made. The “tip” contained no “self-verifying detail” and was not a statement against the penal interests of the informant.
In this case, there is no indication of the basis of the informant’s knowledge; there is no indication of how the informant obtained that knowledge. The prosecution established the informant’s “reliability” or “veracity” only to a very limited degree. We have little more than a cursory assertion that the informant was reliable. We have no indication of what type of information the informant had previously provided the officer. Indeed, it may have been no more than that provided here.
The facts in Carpenter are much stronger and plentiful than those presented here:
“In the instant case, the informant was known to Officer Griffis, who stated that the informant’s tips had led to at least 20 arrests and convictions. The officer testified that a tip from this informant was ‘like money in the bank.’ The informant had told him that [the defendant] would be traveling down South Mobile Avenue, in his own car, and that he would be armed and would have drugs in the car. The officer already knew [the defendant] and knew the type of car he drove. The officer saw [the defendant’s] car leave a residential driveway and enter South Mobile Avenue. The officer followed [the defendant] for a brief period and then stopped him.
“In Alabama v. White, supra, the Supreme Court held that certain information received through a tip, which information was verified to nearly the same degree as the information in this case, created a rea *283 sonable suspicion to warrant a Terry stop, even though that tip came from an anonymous telephone source. A known informant’s tip ‘is a stronger case than obtains in the case of an anonymous telephone tip.’ Adams v. Williams, 407 U.S. at 146, 92 S.Ct. at 1928. We hold that the facts of this case, given the informant’s reliability, created a reasonable suspicion to warrant stopping [the defendant’s] car based on the known informant’s tip.”
Carpenter, 592 So.2d at 630-31.
However, in Carpenter, the Alabama Supreme Court stated: “At the outset, we note that the facts of this ease present a very close case.” 592 So.2d at 628. We do not interpret Adams or Carpenter to mean that any tip from an informant known to the police officer carries enough indicia of reliability to justify the officer’s forcible stop of the defendant merely because the officer indicates that the informant has provided correct information in the past. See 3 W. LaFave, Search and Seizure § 9.3(e) (2d ed. 1987).
The motion to suppress should have been granted. The judgment of the circuit court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.