LONG, Presiding Judge.
The appellant, Brandy Shane King, pleaded guilty to the unlawful possession of cocaine, a violation of § 13A-12-212(a)(1), Ala.Code 1975. He was sentenced to four years’ imprisonment. Before pleading guilty, the appellant moved to suppress the state’s evidence, arguing that the cocaine was seized pursuant to an unlawful arrest and search. The trial court denied his motion, and he reserved the right to appeal as to that issue.
At the hearing on the motion to suppress, Kenny Horn, an officer in the narcotics division of the Dothan Police Department, was the only witness to testify. Officer Horn stated that on May 10, 1996, he received a telephone call from an informant who told him that there was cocaine in the appellant’s residence and in the appellant’s possession. According to Officer Horn, the informant was known to him and had provided him with information on prior occasions, although that information, Officer Horn said, had not led to any arrests. Officer Horn testified that the informant stated that he had seen marijuana and cocaine in the appellant’s residence on several prior occasions. The informant told Officer Horn that the appellant shared his residence with a man named Jackson Sammons. Officer Horn testified that the informant provided him with the address of the residence, a physical description of the appellant and Sammons, and a description of the vehicles owned by the appellant and Sammons. The appellant was unknown to Officer Horn. Based on the informant’s information, Officer Horn and several other police officers went to the appellant’s residence on the evening of May 10, 1996, and established surveillance. During their surveillance, Officer Horn testified, the officers saw two vehicles matching the descriptions provided by the informant parked in the appellant’s driveway. Officer Horn testified that he also observed a man who matched the informant’s description of the appellant going in and out of the residence. At one point, the appellant entered a pickup truck matching the informant’s description of Sammons’s vehicle and drove away. Approximately 45 minutes to an hour later, the appellant returned. As the appellant was exiting the truck, the officers arrested him, placing him in handcuffs. Officer Horn then searched the appellant and found in his pants pocket a plastic bag containing cocaine.
The appellant contends that the police officers did not have probable cause to arrest him. Consequently, he says, his arrest and the search resulting in the seizure of the cocaine were illegal.
We analyze this case under the “totality of the circumstances” test established in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
“In Gates, the United States Supreme Court established the ‘totality of the circumstances’ test for evaluating whether probable cause could be adduced based on information provided by a confidential informant. In analyzing the informant’s tip, the courts not only look at the veracity, the reliability, and the basis of the informant’s knowledge, but also recognize ‘the value of corroboration of details of an informant’s tip by independent police work.’ Gates, 462 U.S. at 241, 103 S.Ct. at 2334; Benoist v. State, *1124 539 So.2d 1110 (Ala.Cr.App.1988). ‘[A] deficiency in one may be compensated for ... by a strong showing as to the other_’ Gates, 462 U.S. at 233, 103 S.Ct. at 2329.”
Kirk v. State, 612 So.2d 1252, 1254 (Ala.Cr.App.1992), writ quashed, 612 So.2d 1255 (Ala.1993).
Here, the testimonial proof offered to establish the veracity of the confidential informant was weak. The state made no showing of the informant’s past reliability, and there is nothing in the record showing that the informant should have been deemed inherently credible. While Officer Horn testified that the informant was known to him and that the informant had provided him with information on prior occasions, Officer Horn stated that that information had not led to any arrests. Officer Horn failed to elaborate upon the nature of the informant’s prior information or to indicate whether that information had been verified to any degree. Moreover, he did not endeavor to explain why the prior information had not led to any arrests, if indeed the information related to criminal matters. While it is conceivable that, if the information did relate to criminal matters, the police could have chosen to forgo making any arrests for reasons quite apart from any lack of accuracy in the information, such an inference is entirely speculative and finds no support in the record. See, e.g., People v. Thomas, 24 Ill.App.3d 932, 321 N.E.2d 696 (1974), aff'd, 62 Ill.2d 375, 342 N.E.2d 383 (1975) (recognizing that arrests are often delayed in continuing undercover drug operations to protect the identity of confidential informants).[1]
The record contains little to compensate for the lack of proof of the informant’s veracity or reliability. There is no evidence establishing the basis of the informant’s knowledge, that is, the way in which the informant obtained his information. Although Officer Horn testified that the informant told him that he had seen marijuana and cocaine in the appellant’s residence on several prior occasions, there is no clear indication in Officer Horn’s limited testimony that the informant’s allegation that the appellant had cocaine in his residence and in his possession at that time was based on the informant’s firsthand observation or on some communication between the appellant and the informant. Thus, we simply cannot say that “the content of the informant’s information ‘describe[d] the accused’s criminal activity in sufficient detail ... [for the officer to] know that he [was] relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual’s general reputation.’” State v. Hill, 690 So.2d 1201, 1206 (Ala.1996), quoting Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969).
Finally, although the informant provided Officer Horn with several details (e.g., a description of the appellant, his residence, and his vehicle) that were independently verified by police officers, these details consisted of “innocent” facts of a sort readily available to the general public; they did not predict future actions of the appellant and, standing alone, offered little indication of criminal — or even suspicious — activity. Thus, the independently corroborated details of the informant’s tip are entitled to little weight in a probable cause analysis. See McReynolds v. State, 631 So.2d 280 (Ala.Cr.App.1993), cert. denied, 512 U.S. 1206, 114 S.Ct. 2676, 129 L.Ed.2d 811 (1994); Stanfield v. State, 529 So.2d 1053, 1056-57 (Ala.Cr.App.1988).
*1125 The trial court made its ruling following a hearing at which it heard oral testimony from only Officer Horn. The evidence before the trial court is undisputed. Where the evidence before the trial court is undisputed, the reviewing court “will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.” Hill, supra, 690 So.2d at 1203, quoting Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980). The trial court’s ruling in this case was based upon its interpretation of the term “probable cause” as applied to undisputed facts; the proper interpretation is a question of law.
“‘Probable cause’ to justify an arrest means facts and circumstances within the officer’s knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.” Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). “‘Stripped to the barest essentials, “probable cause” requires satisfactory grounds for believing that a crime was committed [by the person arrested].’ ” Jones v. State, 631 So.2d 285, 287 (Ala.Cr.App.1993), quoting People v. Peters, 18 N.Y.2d 238, 273 N.Y.S.2d 217, 224, 219 N.E.2d 595, 600 (1966) (emphasis in original), affirmed sub nom. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Applying the “totality of the circumstances” test of Gates to the record before us, we cannot say that probable cause existed to believe that the appellant had a controlled substance in his possession when he was arrested. Here, the deficiency as to one Gates factor was not compensated for by a strong showing with regard to any other factor.
The appellant’s arrest was not supported by probable cause and was thus unlawful. Consequently, it was error to admit into evidence the cocaine seized during the search pursuant to that arrest. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, and COBB, JJ., Concur.
BASCHAB, J., dissents with opinion.
BROWN, J., joins BASCHAB, J., in her dissent.

. We are not unmindful that ‘‘[t]he fact that a confidential informant has not supplied information numerous times does not mean that the informant is not reliable.... Common sense dictates that a confidential informant ‘must be a first time informer before [the informant] can inform a second time.’ ” Usery v. State, 668 So.2d 919, 921 (Ala.Cr.App.1995), quoting Kirk v. State, 612 So.2d 1252, 1254 (Ala.Cr.App.1992), writ quashed, 612 So.2d 1255 (Ala.1993).