MADDOX, Justice
(dissenting).
This case involves a police seizure of illegal drugs. This Court initially granted the State’s petition for the writ of certiora-ri to determine whether the Court of Criminal Appeals erred in reversing the defendant’s conviction, based on a holding that the trial court had improperly held that the police had had probable cause to search for and seize the cocaine that was the subject matter of this case.
The facts are set out in the opinion of the Court of Criminal Appeals, King v. State, 736 So.2d 1122 (Ala.Crim.App.1997). I will state only those facts that demonstrate why I must respectfully disagree with the majority’s order quashing the writ of certiorari as having been improvidently granted.
The pertinent facts are that a confidential informant telephoned Dothan Police Officer Kenny Horn and informed him that there was marijuana and cocaine at Brandy Shane King’s residence. Police officers, after an evening of surveillance of King’s residence, arrested King and seized from his pocket a plastic bag containing cocaine.
King initially pleaded not guilty to the charge of unlawful possession of cocaine and filed a motion to suppress the evidence, which the trial court denied. King subsequently withdrew his not-guilty plea, and pleaded guilty to that charge, reserving his right to appeal the trial judge’s ruling on the motion to suppress. King was convicted and was sentenced to four years in prison and was fined.
The Court of Criminal Appeals reversed the judgment of the trial court, concluding that there was not enough evidence to show the reliability of the informant who had telephoned the police officer and that the police, therefore, at the time they arrested King, had no probable cause to believe that he had possession of a controlled substance. The Court of Criminal Appeals held that the State had made no showing of the informant’s past reliability and no showing that the informant should have been deemed inherently credible.
The record indicates that the informant provided the police with several details about King that were subsequently verified by the police officers. The informant gave Officer Horn the following information: King’s name; his address; his roommate’s name; the kind of car King drove; the kind of car his roommate drove; the usual location of King’s car when it was parked at the residence; and a physical description of King. The Court of Criminal Appeals determined that these were “innocent” facts that had no bearing on the potential that King was violating the law. King, 736 So.2d at 1124-1125. However, the informant further stated that he knew King would be in possession of cocaine because the informant had been inside King’s residence recently and while there had seen both marijuana and cocaine.
It appears to me that the Court of Criminal Appeals applied principles of law that run counter to United States Supreme Court cases authorizing the kind of search and seizure that occurred here. In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), for example, the Supreme Court established the “totality-of-the-circumstances” test for determining whether a court can find probable cause based on information provided by a confidential informant. Under this test, a court is to look at the informant’s veracity, his reliability, and the basis of his knowledge, recognizing “the value of corroboration of details of an informant’s tip by independent police work.” Id. at 241, 103 S.Ct. 2317. “The fact that a confidential informant has not supplied information numerous times does not mean that the informant is not reliable. Common sense dictates that a confidential informant ‘must be a first time informer before [the informant] can inform a second time.’ ” Usery v. State, 668 So.2d 919, 921 (Ala.Crim.App.1995) (citation omitted).
*1128 In Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the United States Supreme Court expanded seareh-and-seizure law to allow a finding of probable cause based on information provided by an anonymous informant, provided the information given by the anonymous informant was corroborated by independent police investigation. In that case, the Supreme Court held that the anonymous tip was sufficiently reliable to permit police to entertain a reasonable suspicion that justified an investigatory stop of the defendant’s vehicle, and, subsequently, the seizure of illegal drugs. The Supreme Court wrote:
“The Court’s opinion in Gates gave credit to the proposition that because an informant is shown to be right about some things, he is probably right about other facts that he has alleged, including the claim that the object of the tip is engaged in criminal activity. Thus, it is not unreasonable to conclude in this case that the independent corroboration by the police of significant aspects of the informer’s predictions imparted some degree of reliability to the other allegations made by the caller.”
White, 496 U.S. at 331-32, 110 S.Ct. 2412 (citations omitted).
In this present case, Officer Horn personally verified all of the detailed information provided by the confidential informant, who had described the physical appearances of the defendant and another man, provided the address of their residence, and provided a detailed description of the vehicles that would be present at the address given. Furthermore, the confidential informant stated that he had been in the defendant’s home recently and had seen cocaine there. After setting up an independent surveillance of the house, Officer Horn found that every aspect of the information provided by the confidential informant was accurate. Therefore, based on the principle of law spelled out in both Alabama v. White and Illinois v. Gates, it appears to me that the trial judge, in refusing to suppress the evidence, was justified in finding that Officer Horn could have reasonably believed, based on the information provided to him by the confidential informant, “that the object of the tip [was] engaged in criminal activity.” See White, 496 U.S. at 331, 110 S.Ct. 2412. Therefore, I believe Officer Horn had probable cause to conduct the search and to seize the cocaine. I would uphold the judgment of the trial court; consequently, I must respectfully dissent from the majority’s order quashing the writ.
HOOPER, C.J., concurs.