# Illinois Official Reports

## Appellate Court

---

*People v. Pettis*, 2015 IL App (4th) 140176

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KEVIN P. PETTIS, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-14-0176 |
| Filed<br>Rehearing denied | May 14, 2015<br>June 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 13-CF-1092; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Julia Rietz, State's Attorney, of Urbana (Scott M. Bennett, Assistant State's Attorney, and Patrick Delfino, David J. Robinson, and Kathy Shepard (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Michael J. Pelletier, Jacqueline L. Bullard, and Joel C. Wessol (argued), all of State Appellate Defender's Office, of Springfield, for appellee. |

Panel        JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.
Justice Harris concurred in the judgment and opinion.
Justice Appleton dissented, with opinion.

**OPINION**

¶ 1   In July 2013, the State charged defendant, Kevin P. Pettis, by information with (1) armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2012)), (2) aggravated unlawful possession of a firearm by a felon (730 ILCS 5/5-5-3(c)(2)(F) (West 2012); 720 ILCS 5/24-1.1(e) (West 2012)), and (3) reckless discharge of a firearm (720 ILCS 5/24-1.5(a) (West 2012)). In December 2013, defendant filed a motion to quash the warrant and suppress evidence and a motion requesting a *Franks* hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). In February 2014, the trial court suppressed the evidence seized, finding (1) no probable cause to support the search warrant and (2) the good-faith exception was inapplicable. On appeal, the State argues these findings were in error. We reverse and remand, concluding the issuing judge had a substantial basis for concluding probable cause existed. Further, we decline to consider whether defendant failed to meet the threshold necessary to warrant a *Franks* hearing.

¶ 2             I. BACKGROUND

¶ 3   On July 7, 2013, at approximately 3:19 a.m., officers responded to a "shots fired" call. As part of the investigation, Officer John Lieb composed two complaints for search warrants with individual affidavits attached to each. The complaints sought warrants to search (1) 407 South State Street, Apartment 5, Champaign, Champaign County, Illinois (Apartment 5); and (2) a tan-colored Chevrolet Tahoe bearing the vehicle identification number of 1GNEK13R2XJ461650 and Illinois registration number P686056 (Vehicle). That morning, the complaints and affidavits were presented to Judge Richard Klaus. The record indicates the only facts presented to Judge Klaus were those contained in the affidavits. The affidavit for Apartment 5, in relevant part, is as follows:

> "[O]n July 7, 2013[,] at approximately 0319 hours [Officer Lieb] investigated a shots fired report where the reporting party, [S.S.R.] ***, advised she witnessed [defendant] *** fire a handgun in the air as he was driving a tan colored Chevrolet Tahoe bearing Illinois registration P686056.
>
>   *** [S.S.R.] advised she knows [defendant] on sight and spoke directly to him prior to him firing the weapon in the air.
>
>   *** [S.S.R.] pointed out where the Tahoe was located in the parking lot when [defendant] fired the handgun out the driver's window. Officers located one shell casing in the same area that was pointed out by [S.S.R.].
>
>   *** [O]n July 7, 2013[,] at approximately 0328 hours officers located [defendant] in the common area of 407 South State Street. Officers advised he may have been inside his apartment prior to their arrival.

*** [Sergeant Matt Crane] called Francis H. Anastasia ***[,] the property manager of 407 South State[,] who confirmed [defendant] currently lives at 407 Sout [*sic*] State Street apartment #5.

*** [O]n July 7, 2013[,] at approximately 4:30 am[,] [Officer Lieb] drove by the apartment complex and confirmed that it is legally addressed as [407 South State Street, Apartment 5, Champaign, Illinois]."

The affidavit for the Vehicle, in relevant part, is as follows:

"[T]hrough the official performance of his duties, [Officer Lieb] has come to know that a [tan-colored Chevrolet Tahoe with Illinois registration number] P686056 has been used in the performance of unlawful use of a weapon and/or aggravated discharge of a firearm.

*** [O]n July 7, 2013[,] at approximately 0319 hours the Champaign Police Department received a report of shots fired near Oak Wood Trace apartments.

*** [W]hile speaking to [S.S.R.] *** she advised she spoke to [defendant] *** on this night. They argued because [S.S.R.] told [defendant] to leave the parking lot and this upset [defendant]. He advised he would not leave so [S.S.R.] said she was calling the police. As she began to use her phone [defendant] left in a tan colored Chevrolet Tahoe. [S.S.R.] believed the registration number was P686094. [S.S.R.] was not sure of the last two numbers of the registration but believed they may have been 94.

*** [S.S.R.] advised she knows [defendant] on sight and spoke directly to him prior to him firing the weapon in the air.

*** [A]fter Officers made contact with [defendant] they located a [tan-colored Chevrolet Tahoe with Illinois registration number] P686056 in the parking lot west of the apartment building. Officers discovered the engine was hot to the touch consistent with it being driven recently.

*** [Officer John McAllister] located the keys to the [tan-colored Chevrolet with Illinois registration number] P686056 in [defendant's] pants pocket.

*** [Officer Mason Voges] followed the [tan-colored Chevrolet with Illinois registration number] P686056 to the Champaign Police Department to secure the vehicle in the west lot of the Police Department."

¶ 4    At 7:05 a.m., Judge Klaus issued separate search warrants for Apartment 5 and the Vehicle. The execution of the warrant on Apartment 5 led to the following items being recovered: (1) documents of indicia for defendant at the address subject to the warrant, (2) a men's black wool jacket with red and white stripes, (3) a black Taurus PT140 .40-caliber semiautomatic handgun, (4) a military-style ballistic carrier with front ballistic panel, (5) a rear ballistic panel for item No. 4, and (6) .40-caliber ammunition. The execution of the warrant on the Vehicle led to the recovery of documents of indicia for defendant at Apartment 5.

¶ 5    In July 2013, the State charged defendant by information with (1) armed habitual criminal (720 ILCS 5/24-1.7(a), (b) (West 2012)), a Class X felony; (2) aggravated unlawful possession of a firearm by a felon (730 ILCS 5/5-5-3(c)(2)(F) (West 2012); 720 ILCS 5/24-1.1(e) (West 2012)), a Class 2 felony; and (3) reckless discharge of a firearm (720 ILCS 5/24-1.5(a), (c) (West 2012)), a Class 4 felony.

¶ 6    In December 2013, defendant filed two motions relating to the search of Apartment 5. The first motion sought to quash the warrant issued to search Apartment 5 and suppress all evidence seized therefrom. The second motion requested a *Franks* hearing.

¶ 7    The motion seeking a *Franks* hearing alleged the affiant, Officer Lieb, made deliberate falsehoods or recklessly disregarded the truth in his affidavit and those misrepresentations were material to establishing probable cause. Specifically, defendant alleged: contrary to the statement (1) of the apartment property manager, he did not live at or sign a lease for Apartment 5; (2) S.S.R. identified the Illinois registration number as P686056, Officer Lieb knew S.S.R. identified it as P686094 and deliberately misrepresented this information; (3) defendant was "located" at approximately 3:28 a.m. in the common area of the apartment complex, Officer Lieb knew or should have known defendant was "stopped" a half block north of the complex and deliberately misrepresented this information; and (4) officers were advised defendant may have been inside his apartment prior to their arrival, Officer Lieb knew or should have known no officer saw defendant inside Apartment 5. Defendant attached his personal affidavit in support of these allegations, indicating (1) he did not live at or sign a lease for Apartment 5 but rather stored belongings there because of a recent apartment fire; (2) other individuals had access to and stored items in Apartment 5; (3) he did not own or possess the firearm found in Apartment 5; (4) he did not discharge a firearm from the vehicle; and (5) on July 7, 2013, at approximately 3:28 a.m., he was stopped by officers a half block north of the apartment complex.

¶ 8    In January 2014, Judge Heidi Ladd conducted a hearing on defendant's motion to quash the Apartment 5 warrant and suppress all evidence obtained therefrom. The trial court first gave the parties the opportunity to present argument as to whether the affidavit contained probable cause on its face. After considering the arguments of the parties, the court concluded, although there was sufficient probable cause to establish an offense had been committed, the affidavit was insufficient to establish a nexus between the crime committed and the place to be searched. The court found the statement indicating the officers were advised defendant may have been in his apartment prior to their arrival should be disregarded as it was conclusory, with no supporting facts. It also found the only factors establishing a nexus to Apartment 5 were defendant being "located" in the common area nine minutes after the police arrived to investigate the incident and a suggestion he had an apartment in the area. The court concluded, based on the case law presented, "there has to be more than the mere fact that someone committed a crime and was in roughly the same area as the residence" to justify the issuance of a warrant to search the residence. Therefore, the court found no probable cause to support the Apartment 5 search warrant.

¶ 9    After finding no probable cause existed, the trial court conducted a good-faith hearing pursuant to *United States v. Leon*, 468 U.S. 897 (1984). The parties presented evidence and argument as to whether the facts presented a situation where the good-faith exception should not apply. Specifically, the parties addressed whether Judge Klaus was misled by information in the Apartment 5 affidavit that Officer Lieb knew was false or would have known was false except for his reckless disregard of the truth.

¶ 10    In February 2014, after considering the evidence presented and the arguments of the parties, the trial court concluded the good-faith exception was inapplicable and thus any evidence recovered as a result of the execution of the defective Apartment 5 search warrant should be suppressed.

¶ 11    This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the State argues the trial court erred in finding (1) the search warrant was unsupported by probable cause, and (2) the good-faith exception did not apply. The State further argues defendant failed to make the substantial preliminary showing necessary to obtain a *Franks* hearing. Defendant disagrees and has filed a motion to strike the portion of the State's brief seeking review of the *Franks* issue.

¶ 14                                 A. Probable Cause

¶ 15    The trial court concluded the affidavit presented to Judge Klaus on its face was insufficient to support a finding of probable cause to search Apartment 5 and thus justify the issuance of a search warrant. The State contends this finding was in error.

¶ 16    Although we are reviewing the trial court's order suppressing the evidence seized, we begin our analysis by reviewing Judge Klaus's conclusion the complaint was sufficient to justify issuing the search warrant. See *People v. Bryant*, 389 Ill. App. 3d 500, 511, 906 N.E.2d 129, 138 (2009). Should we determine Judge Klaus's decision was correct, then it necessarily follows the trial court erred by ruling the search warrant was issued without probable cause and its findings at the *Leon* hearing are irrelevant. *Bryant*, 389 Ill. App. 3d at 537, 906 N.E.2d at 158.

¶ 17    When reviewing a decision to issue a warrant, "[o]ur function as the reviewing court is not to substitute our judgment for that of the issuing [judge] but, rather, to ensure that the [judge] had a substantial basis for concluding that probable cause existed." *People v. Sutherland*, 223 Ill. 2d 187, 219, 860 N.E.2d 178, 204 (2006). A reviewing court must afford great deference to the issuing judge's conclusion. *Bryant*, 389 Ill. App. 3d at 513, 906 N.E.2d at 140. When a warrant is sought and granted by a neutral and detached member of the judiciary, our courts have indicated a preference to uphold the validity of such warrants. *Bryant*, 389 Ill. App. 3d at 514-16, 906 N.E.2d at 140-42. This standard of review applies to both the appellate court and the trial court when called upon to review a decision of an issuing judge. *Bryant*, 389 Ill. App. 3d at 516, 906 N.E.2d at 142.

¶ 18    Probable cause exists where, given the circumstances set forth in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Whether probable cause exists depends on the totality of circumstances known to an affiant at the time he or she is seeking a warrant. *People v. McCarty*, 223 Ill. 2d 109, 153, 858 N.E.2d 15, 41-42 (2006). In other words, probable cause exists when the circumstances known to the affiant are "sufficient to warrant a person of reasonable caution to believe that the law was violated and evidence of it is on the premises to be searched." *People v. Griffin*, 178 Ill. 2d 65, 77, 687 N.E.2d 820, 829 (1997).

¶ 19    In making the determination of whether the issuing judge had a substantial basis for concluding probable cause existed under the deferential standard of review, affidavits must be viewed in a commonsense, nonhypertechnical manner. *People v. Thomas*, 62 Ill. 2d 375, 380, 342 N.E.2d 383, 385-86 (1975). We further must consider only the facts the issuing judge had before him at the warrant-application proceeding and the reasonable inferences from those

facts. *Bryant*, 389 Ill. App. 3d at 511, 906 N.E.2d at 138; *People v. Beck*, 306 Ill. App. 3d 172, 179, 713 N.E.2d 596, 601 (1999).

¶ 20    At the warrant-application proceeding, Judge Klaus was presented with the complaints and affidavits for Apartment 5 and the Vehicle. On July 7, 2013, at 7:05 a.m., Judge Klaus issued both warrants. Defendant conceded at oral argument that since both affidavits were before Judge Klaus, this court should consider the content of both affidavits in determining whether probable cause was established for the issuance of the search warrant for Apartment 5. Thus, we consider both affidavits as we seek to determine the propriety of the warrant for Apartment 5. The State contends, in viewing the facts contained in both affidavits and drawing reasonable inferences therefrom, under the deferential standard of review, Judge Klaus had a substantial basis for finding probable clause existed. We agree.

¶ 21    We initially address the following language contained in the affidavit for Apartment 5: "Officers advised he may have been inside his apartment prior to their arrival." Judge Ladd disregarded this statement, finding it to be conclusory, with no supporting facts. We agree with Judge Ladd's finding. Absent a showing to the contrary, we presume an issuing judge knew and followed the law. See *In re Jonathon C.B.*, 2011 IL 107750, ¶ 73, 958 N.E.2d 227. As the record does not show otherwise, we presume Judge Klaus disregarded this statement as being conclusory, with no supporting facts.

¶ 22    Ignoring the above statement from the Apartment 5 affidavit, we consider whether the remaining facts before Judge Klaus are sufficient to support a substantial basis for Judge Klaus to find probable cause existed. The Apartment 5 affidavit indicates, at 3:19 a.m., officers were called to a "shots fired" report, where S.S.R. indicated defendant discharged a firearm in the air from his vehicle. S.S.R. advised she knew defendant on sight and spoke to him prior to when he discharged the firearm. S.S.R. gave a description of the vehicle, including make, model, color, and Illinois registration number. She also indicated where the vehicle was located when defendant discharged the firearm. Officers searched the area indicated by S.S.R. and found a shell casing. Approximately nine minutes later, around 3:28 a.m., defendant was "located" in the common area of 407 South State Street. The property manager of the apartment complex at 407 South State Street indicated defendant lived in Apartment 5 and officers confirmed the location of Apartment 5.

¶ 23    In addition, the vehicle affidavit revealed defendant left the scene of the alleged crime in the Tahoe and subsequently removed himself from the vehicle which was found parked but still hot to the touch. While keys to the Tahoe were retrieved from defendant's pocket, the officer was seeking the warrant in an attempt to locate any weapon that may have been used in the commission of the alleged offense.

¶ 24    In finding an absence of probable cause to search Apartment 5, Judge Ladd expressed that the affidavits failed to establish the necessary nexus between the alleged crime and the apartment. We agree with Judge Ladd "there has to be more than the mere fact that someone committed a crime and was in roughly the same area as the residence" to justify the issuance of a warrant to search the residence. See *People v. McCoy*, 135 Ill. App. 3d 1059, 1066, 482 N.E.2d 200, 206 (1985). As *McCoy* points out, sufficient facts must exist to cause a reasonable person to believe the item sought will be located at the place to be searched. *McCoy*, 135 Ill. App. 3d at 1066, 482 N.E.2d at 205. The affidavits presented to Judge Klaus satisfy this burden.

- 6 -

¶ 25    Judge Klaus, in considering the facts and reasonable inferences from those facts, was presented with a situation where officers responded to a "shots fired" call in the early morning hours and the suspect had fled the scene. The officers received information on the incident, the suspect, and the suspect's vehicle from an identified witness whose information was corroborated by evidence at the scene. In the early hours of the morning, approximately nine minutes after receiving this information, officers located the suspect outside in the common area of an apartment complex where he lived. Officers who made contact with defendant found keys to the Tahoe but no weapon on defendant's person. Drawing reasonable inferences from the information contained in both affidavits, one could reasonably believe defendant (1) committed the offense; (2) left the scene; (3) drove to his apartment; (4) parked the vehicle; (5) secreted the weapon in his apartment; (6) was then "located" in the common area of his apartment building; and (7) was subsequently apprehended by officers who made contact with him approximately one block from his apartment building. In viewing the affidavits in a commonsense, nonhypertechnical manner, probable cause was established. Giving the required deference to the issuing judge's conclusions, Judge Klaus could have reasonably concluded, based on the totality of the facts presented and the reasonable inferences drawn therefrom, that defendant violated the law and evidence of the crime committed, *i.e.*, the firearm, could be found inside defendant's residence, Apartment 5.

¶ 26    Therefore, having concluded Judge Klaus had a substantial basis to conclude probable cause existed to issue a warrant to search Apartment 5, Judge Ladd's finding to the contrary was in error. Given "the *Leon* good-faith exception arises only *after* a court determines that the search warrant at issue was improperly issued for lack of probable cause" (emphasis in original), Judge Ladd should not have considered whether the *Leon* good-faith exception applied. *Bryant*, 389 Ill. App. 3d at 537, 906 N.E.2d at 158.

¶ 27                              B. *Franks* Hearing

¶ 28    The State further argues defendant failed to make the substantial preliminary showing necessary to obtain a *Franks* hearing. In response, defendant argues this issue "must wait until a proper appeal" as the trial court never ruled on his *Franks* motion. We agree with defendant. As Judge Ladd made clear on the record, her finding of "no probable cause" required her to proceed with a *Leon* hearing and refrain from conducting a *Franks* hearing. Considering that Judge Ladd made no ruling regarding defendant's request for a *Franks* hearing, were this court to decide the *Franks* issue, we would (1) rule without the benefit of a complete record on the issue; (2) usurp the role of the trial court; and (3) deprive the trial court of the opportunity to address the issue. We decline to do so. In light of our position, we need not consider defendant's motion to strike part of the State's brief.

¶ 29                              III. CONCLUSION

¶ 30    We reverse the trial court's judgment, concluding the Apartment 5 complaint and affidavit, along with the vehicle complaint and affidavit, afforded a substantial basis from which the issuing judge could find probable cause existed to search Apartment 5. Further, we decline to consider whether defendant failed to meet the threshold necessary to warrant a *Franks* hearing.

¶ 31    Reversed and remanded.

¶ 32    JUSTICE APPLETON, dissenting.

¶ 33    I respectfully dissent. I agree with Judge Ladd that the evidence was insufficient for the search of defendant's apartment. The officers lacked any concrete evidence, apart from surmise, to justify the issuance of the warrant.